Morrison *et al. v.* Rogers.

---

EPHRAIM MORRISON and EZEKIEL MORRISON, appellants, *v.* SELAH ROGERS, appellee.

*Appeal from Cook.*

The law is well settled, that where property has been taken tortiously, and without the assent or knowledge of the plaintiff, and the same has not been

3 317
62a 441

3 317
88a 548

2s 317
99a 40

2s 317
205 104

converted into money or money's worth, and there has been no subsequent promise by the defendant to pay for the same, the plaintiff cannot waive the tort, and recover the value of the property in an action for money had and received.

THIS cause was tried in the Court below at the April term, 1840, before the Hon. John Pearson. Judgment was rendered for the plaintiff, and the defendants appealed to this Court.

GILES SPRING and GRANT GOODRICH, for the appellants.

B. S. MORRIS, for the appellee.

BROWNE, Justice, delivered the opinion of the Court :

This was originally a suit brought before Socrates Rand, a justice of the peace of Cook county, for " forty dollars' worth of property," being timber and rails wrongfully taken by the defendants. Judgment was rendered by default by the said justice, in favor of the plaintiff, against the defendants, for twenty-eight dollars and fifty cents. From the judgment of the justice of the peace, the said defendants appealed to the Circuit Court of Cook county. In that Court, verdict and judgment were rendered against the defendants for the sum of one dollar. The defendants appealed to this Court. The causes assigned for error are, that the Circuit Court refused to instruct the jury on the following points, as asked for by the defendants' counsel : First, " That if they shall believe, from the evidence, that the timber and rails were taken tortiously, and without the assent and knowledge of the plaintiff, and the same had not been converted into money, or money's worth, and there was no subsequent promise by the defendants to pay for the same, then the law is for the defendants. Secondly, That if they shall believe, from the evidence, that the timber and rails taken were taken without the assent or knowledge of the plaintiff wrongfully, and the same have not been converted into money by defendants ; and they have not promised the plaintiff to pay for them, then the law is for the defendants. Thirdly, That unless the jury shall believe, from the evidence, that the defendants were in partnership at the time the property was taken, and jointly interested in the taking of the property, the law is for the defendants. Fourthly, If the jury shall believe, from the evidence, that the property taken was taken for the benefit of one defendant ; and that only one had any interest in the property, then the law is for the defendants. Fifthly, That if the jury shall believe, from the evidence, that Ephraim Morrison was the hired servant of Ezekiel Morrison, and had no personal interest in the property taken, the law is for the defendants."

The Court refused to give the instructions, as asked for, by the counsel for the defendants, except the fourth, which the Court gave. The Court instructed the jury, that the plaintiff might

waive the tort, and recover in this form of action. The law is well settled, that one whose goods have been taken from him or detained unlawfully, whereby he has a right to an action of trespass or trover, may, if the wrong-doer sell the goods and receive the money, waive the tort, affirm the sale, and have an action for money had and received.

This has not been done in this case. No sale has been made of the timber or rails, nor has any money been received. Where property is taken wrongfully, unless it is converted into money or money's worth, or there has been a subsequent promise to pay for the same, an action for money had and received will not lie to recover its value. The party injured must resort to his action of trespass or trover.

The Circuit Court erred in refusing the instructions asked for ; and the judgment of the Circuit Court of Cook county is reversed with costs, and the cause remanded, to be tried over again.

*Judgment reversed.*

*Note.* See Jones *v.* Hoar, 5 Pick. 285, and the learned opinion of Judge Strong, of the Massachusetts Common Pleas, which reviews the authorities upon the point decided in the foregoing case.