FREDERICK A. CADWELL, Plaintiff in Error, *v.* JULIA FARRELL, Defendant in Error.

ERROR TO SUPERIOR COURT OF CHICAGO.

Direct and immediate force employed by one person against another without permission, with malice, constitutes trespass, however slight the injury produced; but it is otherwise, if the force is used with permission.

In an action on the case against a surgeon for unskillfully performing an operation, the joining of a count averring that the operator "maliciously" pretended that he would improve the appearance of, and restore, the eye of the plaintiff, with the intent to defraud her of her money, is not a misjoinder.

THIS is an action entitled, "of a plea of trespass on the case," wherein Julia Farrell is plaintiff, and Frederick A. Cadwell is defendant, commenced and tried in the Superior Court of Chicago. Plea, general issue.

The first count of the plaintiff's declaration, alleges that the plaintiff, on the thirteenth day of July, A. D. 1860, at the request of the defendant, retained and employed the defendant as an oculist and physician, in and about the endeavoring to cure the plaintiff of a certain defect and imperfection, a white spot, which the plaintiff then had upon the corner of her left eye, for the sum of thirty dollars, which the plaintiff paid to the defendant, and which retainer and money the defendant then accepted.

The said count avers, that it thereby became the duty of the defendant, as such oculist and physician, to use due and proper care, skill and diligence in and about the endeavoring to cure the plaintiff of said defect and imperfection upon her said eye; that the defendant, not regarding his said duty, but contriving and intending to injure the plaintiff, did not, nor would use due and proper care, skill and diligence, in and about endeav-

oring to cure the plaintiff; but on the contrary, the defendant conducted himself in an ignorant, unskillful and negligent manner, in that behalf, in this: that he improperly cut and punctured the plaintiff's said eye, so that inflammation set in; and afterwards, the defendant administered to the plaintiff certain medicines, which greatly sickened and emaciated her, and reduced her bodily strength; and that afterwards, and about the same time, the defendant, neglecting his duty as such oculist and physician, did not visit and attend upon the plaintiff, but carelessly and improperly directed that the plaintiff should be brought and led to the defendant's office, whereby she was greatly exposed and took cold in her said eye; and that defendant afterwards neglected to attend upon the plaintiff and administer proper medicines to her.

By reason whereof, the said eye of the plaintiff became and was wholly lost to her, and the right eye of the plaintiff became very greatly inflamed and injured, and the use thereof lost for a great space of time; and the plaintiff has suffered great pain, etc.; was hindered from performing her business and labor, and was obliged to lay out and expend large sums of money for medical treatment and cure, etc.

The sixth count of the plaintiff's declaration alleges that on the 18th day of July, 1860, she had a spot in and upon the front part of her left eye, which nearly covered the pupil of the eye, and injured her personal appearance and beauty.

That the defendant, at that time, was carrying on the business and profession of an oculist and physician, and pretended to be greatly skilled in the treatment of the eye and its diseases.

That the defendant, on the day and year aforesaid, and at various other times about that time, fraudulently, deceitfully and maliciously represented and pretended to the plaintiff, that, by means of his skill and knowledge as an oculist, he could make her left eye look the same and as well as her right eye, which was then well and sound in all respects, and natural in appearance.

That the defendant falsely, fraudulently and maliciously represented and pretended to the plaintiff that in making her

left eye look the same and as well as her right eye, there would be no danger of injuring or impairing the sight of her right eye.

That the defendant falsely, fraudulently and deceitfully pretended that he would not take out or destroy her left eye.

That the defendant falsely, fraudulently and maliciously pretended and represented that he could so do the same that plaintiff would be well from the effects thereof in the space of six or seven days' time.

That the defendant well knew that he could not make the plaintiff's left eye look the same and as well as her right eye; that he could not undertake so to do without the danger of injuring and impairing her right eye; that he could not make her left eye look as well as her right eye, by removing the spot from her left eye; that the same would cause her to suffer for a long time with sickness and pain.

That the plaintiff, confiding and relying on the said representations and pretenses of the defendant, and believing them to be true, and being deceived thereby, at the special instance and request of the defendant, retained and employed him to make her left eye look as well as her right eye, for the sum of thirty dollars, which she paid to defendant.

That the said defendant then and there falsely, maliciously and deceitfully represented and pretended that his aforesaid pretenses and representations were true, and thereby procured the plaintiff to retain and employ him as aforesaid.

That in fact the defendant well knew that his said representations and pretenses were false, fraudulent and deceitful, and were made to deceive, mislead and defraud; and did deceive and mislead the plaintiff, the defendant well knowing that he could not make the plaintiff's left eye look as well as her right eye.

But that the defendant, so well knowing as aforesaid, falsely and maliciously pretended to operate on the plaintiff's left eye, for the pretended purpose of causing her left eye to look as well as her right eye, and to remove the said spot from her left eye, and did cut and lacerate her left eye, by means of which cutting, lacerating and tearing of her left eye, she has

suffered great pain in her left eye, and languished in great pain and anguish for a long space of time, etc.

That afterwards, to wit, etc., in consequence of the said operation and cutting, lacerating and tearing of her left eye, the same became greatly inflamed, whereby she suffered great pain, and could not perform work and labor for a long time, etc.

That afterwards, to wit, etc., in consequence of the said cutting of her left eye, her right eye became greatly inflamed, whereby she has suffered great pain, and languished in great pain for a long space of time, etc. ; and in consequence of said premises, the plaintiff has been obliged to lay out and expend large sums of money for medical attendance, etc., bestowed in and about the cure of plaintiff from the effects of the said cutting, lacerating and puncturing aforesaid by the defendant, and in consequence of such deception.

The cause was tried in the Superior Court, and the jury rendered a verdict for $10,000, for plaintiff below. The defendant below, (plaintiff here) moved in arrest of judgment, assigning for cause, a misjoinder of causes of action ; alleging that a part of the counts was in trespass, and a part in case. The motion was denied.

The errors assigned, are—

That there is, in the declaration in said cause, a misjoinder of counts and causes of action, because a part of the counts therein is in trespass, and alleges a direct, willful and malicious injury ; and another part therein is in trespass on the case, for injuries resulting from negligence, carelessness, ignorance, and want of due and proper care and skill.

That there is, in the declaration, a misjoinder of counts and causes of action, because a part of the counts therein is in *trespass*, and another part therein is in *trespass on the case.*

That the court erred in overruling the appellant's motion in arrest of judgment.

That the court erred in ordering judgment to be entered on the verdict in said cause.

SANFORD B. PERRY, for Plaintiff in Error.

Case and trespass cannot be joined in the same action.

29

Gould's Pl., sec. 87, p. 214; 1 Chit. Pl. 201; 1 Saund. Pl. and Ev. 925; *Hines* v. *Kinnison*, 8 Blackf. 119.

The consequence of a misjoinder is that the declaration will be held bad in arrest of judgment or upon error. Gould's Pl., sec. 97, p. 218; 1 Chit. Pl. 205; 1 Saund. Pl. and Ev. 924; 16 Johns. 146; 5 Gilm. 78; 1 Car. & Kir. 549; 20 Ill. 318.

The name given to the action in the commencement of the declaration is mere surplusage. The substance of the declaration controls the form of the action. 4 Barb. 597; 5 Mees. & W. 436.

Trespass alone can be maintained when the ground of the action is an act of force, done willfully. 8 T. R. 648; 1 Chit. Pl. 124, 125, 127—129; 1 Saund. Pl. and Ev. 735; 3 id. 1083—1085; 3 Conn. 67; 3 N. H. 465; 10 Wend. 328; 2 Greenl. Ev., sec. 226; 1 Hilliard on Torts, sec. 21, p. 111; 1 R. I. 474; 2 Iredell (Law), 206; 10 Bing. 112; 7 Blackf. 342; 6 S. & R. 347; 8 T. R. 188; 3 East, 599.

Maliciously and willfully are, in legal effect, synonymous terms. 5 Whart. Rep. 427; Bouvier Law Dictionary, same titles.

Hurd, Booth & Potter, for Defendant in Error.

Where there is a direct injury and negligence, the injured party may sue in trespass, for the direct injury, or in case for the negligence. If the plaintiff go for the negligence, he must not show willfulness, as there can no be such thing in law as willful negligence. The willfulness of the wrong doer in this class of cases, changes the form of the action from case to trespass. In actions for deceit, malicious prosecution, slander, libel, etc., case is the proper remedy, and willfulness, design to injure, malice, is the gravamen of the action. 3 Scam. 173; 6 Johns. 180; 11 M. & W. 401; 6 M. & W. 358.

Malice, as applied to torts, does not necessarily mean spiteful, malignant, or revengeful, but unlawful, without right, for an improper purpose. 11 S. & R. 39, 40; 10 B. & C. 472; 3 B. & C. 484; 2 Bouvier's Law Dic. 98; 2 Chitty's Pleadings, 693, 694.

The allegation of cutting and lacerating the eye of the

plaintiff, is necessary to show or deduce the damages, without which no damage could be shown as following from the deceit complained of. It is the connecting link between the direct and the terrible consequences to the plaintiff. 1 Hilliard on Torts, 91, 92.

If the defendant below was guilty of deceit and of trespass, at the same time, and a common injury follow, trespass or case may be brought for the common damage. 1 M. & W. 459 ; 4 Barn. & Adol. 413.

An assault cannot be committed with assent, and though the assent is alleged to have been got by deceit, fraudulently and maliciously, it does not lie in the defendant's mouth to say there was no assent, because of the fraud. 11 Adol. & El. N. S. 472 ; 1 Denison C. C. 377 ; 2 Car & Kir. N. P. 958.

WALKER, J. It is insisted that there is a misjoinder of counts in this declaration ; that the sixth count is in trespass, whilst the others are in case. This is the only question raised upon this record. If this objection is well taken, the court below erred in refusing to arrest the judgment. The sixth count avers that appellee had a spot on her left eye, which injured her personal appearance, and that appellant falsely, fraudulently and deceitfully represented and pretended to appellee, that by means of his skill and knowledge as an oculist, that he could remove the blemish from her eye, and render its appearance equal to that of her right eye, without any injury to the right eye ; and that he would not take out or destroy her left eye, and that she would be well and free from the effects of the treatment in six or seven days.

That appellee, confiding in the truth of the representations thus made by appellant, and believing them to be true, was deceived, and thereby induced, at his special instance and request, to treat her left eye, to make it look as well as the right eye, for the sum of thirty dollars, which she paid to him. But that appellant, well knowing as aforesaid, falsely and maliciously pretended to operate on appellee's left eye, for the pretended purpose of causing it to look as well as her right eye, and to remove the spot therefrom ; and did cut and lac

erate the left eye, by means of which cutting and lacerating and tearing of the left eye, she suffered great pain ; and that in consequence thereof, her right eye became greatly inflamed, and she suffered great pain, and was obliged to lay out and expend large sums of money for medical attendance for her cure, and was unable to perform labor for a long space of time.

It is urged that this count charges the operation to have been performed with malice, and that a direct injury to the person, prompted by malice, constitutes a trespass, for which case cannot be sustained. Direct and immediate force employed by one person against another, without his consent, with malice, constitutes trespass, however slight the injury produced ; but it is otherwise when the force used is with the consent or at the request of the person against whom employed. If a dentist extract a tooth for a person at his request, whether necessary or not, it is no wrong ; but if unskillfully performed, he would become liable in case for the injury resulting from a want of proper skill. If the same act were performed with malice, and without consent, it would be an aggravated trespass, if not a crime. In this case, the operation was performed at the request of appellee. This prevents her from recovering in trespass, and had the operation been skillfully performed, she could have no right of recovery in any form of action ; but if the representations which induced the retainer were false and fraudulent, or if the proper skill was not employed, then case is properly the remedy.

Nor is it alleged that appellant performed the act itself with malice, but that he maliciously pretended to perform the operation, for the purpose of improving the appearance of the eye, when he well knew that such would not be the result. Nor is it averred that the operation was maliciously performed, for the purpose of inflicting pain and injury upon appellee. Had the averment been so made, trespass might probably have been maintained. If, however, the averment had been that the operation was so performed for the purpose of cheating and defrauding appellee of her money, no one would have doubted that the count was in case, and not in trespass. The averment that the act was done falsely, would render it case.

The falsity of the action is the gist, and not the malice, as it was not averred to have been designed to produce pain or injury. The word "maliciously" may be rejected as surplusage, without changing the effect of the count.

The judgment of the court below is affirmed.

*Judgment affirmed.*