## JOHNSTON & DEVERILL

*v.*

## DAVID SALISBURY.

ASSUMPSIT—*whether it will lie.* In an action of assumpsit, the plaintiff sought to recover the value of a horse, buggy and harness, delivered to the defendants upon a contract under seal by which they agreed, upon certain conditions, to convey to the plaintiff a certain lot of ground. The plaintiff based his action upon the theory that defendants had refused to perform their contract: *Held*, that, in order to maintain assumpsit, it would be necessary to prove the sale of the horse, buggy and harness, by

the defendants, or their conversion in some way into money or money's worth, and in the absence of such proof the plaintiff should resort to covenant on the sealed instrument to recover his damages, or, treating the contract as rescinded, trover or replevin for the property, after demand made.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CONSIDER H. WILLETT and Mr. J. B. CRANE, for the appellants.

Mr. B. M. MUNN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

The plaintiff in this case has recovered a verdict and judgment for the value of a horse, buggy and harness, delivered to the defendants upon a contract under seal by which they agreed, upon certain conditions, to convey to the plaintiff a lot in Chicago. The action is assumpsit, and is based upon the theory that the defendants have refused to perform their contract.

Without expressing any opinion on the sufficiency of the evidence to sustain an action of any character, we are obliged to say that assumpsit will not lie. The sale of the horse, buggy and harness, or their conversion in some way into money or money's worth, would be the only ground upon which assumpsit would lie. There is no proof of such a sale, and the plaintiff must bring covenant on the sealed instrument to recover his damages, or, treating the contract as rescinded, trover or replevin for the property after demand made. The case is like *Creel* v. *Kirkham*, 47 Ill. 349, and we can only repeat here what was said in that case, that the objection, although technical, is one which we must recognize as valid so long as the distinctions between the various common law actions are maintained, and it is not for us to abolish them.

Judgment reversed and cause remanded.

*Judgment reversed.*