# CHICAGO WEST DIVISION RAILWAY COMPANY

## v.

## WILLIAM P. REND ET AL.

TORTS—REMEDY OVER.—A street railway company was in the lawful use of its cars upon the street, and while so doing one of its cars was run into by the coal wagon of defendants, resulting in an injury to one of the passengers on such car, by reason whereof the railway company was obliged to pay damages for the injury sustained by such passenger. *Held*, that the railway company had a remedy over against defendant for the trespass committed in running into its car, irrespective of the special damages for injury to the passenger set out in the declaration.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed April 27, 1880.

This action was by the Chicago West Division Railway, against William P. Rend and Edwin Walker. The declaration was as follows:

" For that whereas, heretofore, to wit, on the 7th day of October, A. D. 1875, to wit, at the county of Cook aforesaid, the said plaintiff was a common carrier of passengers, and as such was then and there engaged in carrying passengers in its cars upon and along its line of horse-railway, then and there operated and running upon and along Randolph street, in the city of Chicago, to wit, in the county of Cook aforesaid; that the said plaintiff was then and there as such common carrier carrying upon its said cars, then and there running upon its said line of railway and upon its tracks, as a passenger for hire, a certain person, to wit, one David D. Cornell; that said plaintiff was then and there entitled to the right-of-way upon and along its said track, for the hauling and operating of its said cars in its business as carrier of passengers as aforesaid, and was then and there lawfully entitled to proceed thereon in performance of its duty as such carrier of passengers, as aforesaid, without the let or hindrance of the said defendants; and that it was then and there the duty of the said defendants and of their agents and servants, to yield the said right-of-way to the said plaintiff while performing its said duty of common carrier of passengers as aforesaid. And the said plaintiff further saith, that at the said when, etc., the said defendants as partners as aforesaid, were in possession of, and then and there had under their control, or in the control of their agents and servants, a certain wagon drawn by horses. And the said plaintiff saith, that while it was carefully and without negligence on its part carrying the said Cornell as such passenger as aforesaid, on one of its said cars, to wit, on the day and year last aforesaid, at the county of Cook aforesaid, the said defendants, as such partners as aforesaid, did then and there willfully, wrongfully, carelessly and negligently drive their said wagon, or cause the same to be driven into and upon the said car of the said plaintiff, while the same was in motion, and lawfully proceeding along its said track, and was carrying said Cornell as aforesaid, in such manner as unlawfully, carelessly and negli-

gently, on the part of the said defendants, to collide with or strike the car of the said plaintiff, and to come in collision therewith, and for a long distance, to wit, ten rods and upwards, remained in contact with the said car of the said plaintiff; that the hub of one of the wheels of said wagon then and there struck and bent forward the dash-board, so called, of the said car, near which the said Cornell was then and there standing; and that the said defendants then and there so carelessly and negligently drove their said wagon, that on the same becoming disconnected with said dash-board of the said plaintiff's said car, the same sprung back with great force and violence upon and against the leg of the said Cornell, then and there being such passenger as aforesaid, by means whereof the said Cornell while so riding as a passenger as aforesaid, upon the said car of the said plaintiff, to wit, at the county of Cook aforesaid, became and was greatly injured and hurt, and that he, the said Cornell, then and there became so hurt and injured by and through the wrongful and unlawful carelessness and negligence of the said defendants, and of their servants in that behalf.    And the said plaintiff in fact saith, that by reason of the said unlawful and wrongful negligence and carelessness of the said defendants, then and there being such partners as aforesaid, the said plaintiff was prevented while lawfully proceeding upon and along its said line of railway, from carrying safely and carefully the said Cornell, who was then and there such passenger as aforesaid. And the said plaintiff further saith, that had it not been for the said wrongful and unlawful negligence and carelessness of the said defendants, the said plaintiff could and would have safely and carefully carried and transported the said Cornell as such passenger as aforesaid, upon and over its said line of railway as aforesaid.

" And the said plaintiff further in fact saith, that by reason of the premises the said Cornell afterwards, to wit, at the December term, A. D. 1875, of the Superior Court of Cook County, brought suit against the said plaintiff, impleaded with the said defendants, in a plea of trespass on the case for the injury and damage aforesaid; that afterwards such proceedings were had in said suit; that the said suit was by the said Cornell

dismissed as against the said defendants, and thereafter, to wit, at the November term, A. D. 1878, such proceedings were had in said cause; that the said Cornell recovered judgment against the said plaintiff for the sum of four thousand dollars, together with his costs, of which said suit and of the said trial and recovery against the said plaintiff in that behalf, the said defendants then and there had notice, to wit, at the county of Cook aforesaid. And the said plaintiff further saith, that it was then and there obliged to pay and did pay to the said Cornell the amount of the said judgment recovered by him in that behalf, to wit, the said sum of four thousand dollars, together with his costs and charges in that behalf expended, as by the record and proceedings in said cause will appear. And that by means of the premises, the said defendants as such partners as aforesaid, have become and are liable over to the said plaintiff for the consequence of the said wrongful and illegal acts and doings of them, the said defendants; and that the said plaintiff hath by reason of the premises sustained damages to wit, at the county aforesaid, to a large sum of money, to wit, the sum of seven thousand dollars; therefore it brings suit, etc."

The defendant filed a general demurrer to this declaration, which the court sustained, and plaintiff's attorney electing to stand by the declaration, final judgment was given for defendants. Plaintiff brings the case to this court by appeal, and assigns said ruling for error.

Mr. F. H. Kales, for appellant; that the suit is not for a wrong done jointly by plaintiff and defendants to another, but for a wrong done by the defendants to the plaintiff, cited Cooley on Torts, 144; Chicago v. Robbins, 2 Black. 418; Robbins v. Chicago, 4 Wall, 657.

Plaintiff may recover, though guilty of slight negligence, if the negligence of defendants was gross or willful: C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C. W. D. R'y Co. v. Bert, 69 Ill. 388.

Carriers of passengers are required to use the utmost care for their safety: C. & A. R. R. Co. v. Wilson, 63 Ill. 167; P.

C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; C. B. & Q. R. R. Co. v. George, 19 Ill. 510; O. & M. R. R. Co. v. Muhling, 30 Ill. 9.

The facts alleged show a cause of action, and it is immaterial whether it be laid in trespass or case: Rev. Stat. 1874, Chap. 110, § 22; Barker v. Koozier, 80 Ill. 205; Krug v. Ward, 77 Ill. 603; Blalock v. Randall, 76 Ill. 224.

An indemnitor with notice is concluded by a judgment against the party to whom he is ultimately liable: Chicago v. Robbins, 2 Black. 418; Robbins v. Chicago, 4 Wall. 657.

Messrs. Walker & Carter, for appellees; that it was the duty of the railway company to avoid the collision, if possible; and failing to do so, is guilty of negligence, cited C. & M. R. R. Co. v. Patchen, 16 Ill. 198; Ill. Cent. R. R. Co. v. Wren, 43 Ill. 77; Paris & Decatur R. R. Co. v. Mullins, 66 Ill. 526; Hegan v. Eighth Av. R. R. Co. 15 N. Y. 380.

Plaintiff must show that it was free from negligence: Sedgwick on Measure of Damages, 534; Penn. R. R. Co. v. McTighe, 46 Pa. 316; C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 255.

And that the damages are the legitimate consequences of defendant's negligence: Persons v. Parker, 3 Barb. S. C. 249; Rathburn v. Payne, 19 Wend. 399; Spencer v. U. & S. R. R. Co. 5 Barb. S. C. 337; Brand v. S. & T. R. R. Co. 8 Barb. S. C. 368; Parker v. Adams, 12 Met. 415; Laners v. Crombie, 12 Pick. 177.

One person being in default, will not excuse another from using ordinary care: Butterfield v. Forrister, 11 East, 60; Flower v. Adam, 2 Taunt. 314; Smith v. Smith, 2 Pick. 621.

McAllister, J.   The demurrer to plaintiff's declaration being general, the only question presented in this appeal to review the action of the court below in sustaining that demurrer is: does the declaration contain a cause of action, or is it good in substance?

Defendants' counsel insist that it is not good, because there was no sufficient basis shown in it for the recovery of the special damages attempted to be set out, viz: the amount of the

judgment recovered by Cornell against plaintiff, for injuries which he sustained while a passenger on plaintiff's car, at the time defendants willfully and wrongfully, as it is alleged, ran upon and into the same with their wagon.

There are two classes of cases of wrongful acts or omissions between which there is a marked distinction. One is, that where there is any distinct legal wrong which in itself constitutes the invasion of the right of another, the law will presume that some damage follows, as a natural, necessary and proximate result. In that case, the wrong itself constitutes the right of action. Nothing further is necessary to a recovery, though the extent of it may depend upon the evidence. Cooley on Torts, 69; McConnell v. Kibbe, 33 Ill. 179; Sedg. on Dam. 445; Brent v. Kimball, 60 Ill. 211.

The latter class is where the act or omission complained of is not of itself a distinct wrong, and can only become so to any particular individual through injurious consequences resulting therefrom. In such case, this consequence must not only be shown, but it must be so connected by averment and evidence with the act or omission, as to appear to have resulted therefrom according to the ordinary course of events, and as a proximate result of a sufficient cause. Cooley on Torts, *supra*, and cases in note 1. An instance of this class is, where suit is brought against the cashier of a bank for neglect of duty. If no damage has resulted to plaintiff, then, although the neglect be proved, the plaintiff cannot even recover nominal damages. Commercial Bank v. Ten Eyck, 48 N. Y. 305. Another is, where suit is brought for verbal slander, where the words are not actionable *per se*, but become so only by averring and proving special damages, as in Vickars v. Wilcocks, 8 East 1. In such cases, the damages are said to be the *gist* of the action. Bare negligence, unproductive of damages to another, will not give a right of action; negligence causing damages will do so. Whitehouse v. Birmingham, Can. Co. 2 L. J. Exc. 25; Bailey v. Wolverham Water Works, 6 H. & N. 241; Duckworth v. Johnson, 4 N. & H. 653.

But in cases belonging to the first mentioned class, where the injury imports damages, if no evidence is given of any par-

ticular loss, the law will support the right invaded by award-
ing nominal damages. Sedgwick on Damages, *supra*, and
cases in notes.

The matters set out in the declaration clearly bring this case
within the first class, showing a wrongful invasion of plain-
tiff's right where the law will infer damage. The plaintiff
was in lawful possession and use of its car upon its horse rail-
way in the street of the city of Chicago, as a common carrier
of passengers, when the defendants willfully and wrongfully, as
it is alleged, drove their wagon into and upon said car. This
surely was a wrongful invasion of plaintiff's right, for which
the law awards nominal damages, at least.

As to the mere forms of action, the statute has abrogated
the distinction between trespass and case. But the distinction
between an act done directly by force, constituting of itself a
wrong by invading the rights of another, and one the result of
negligence by the defendant or his servants, is not affected by
such abrogation, because it is inherent in the nature of things,
and of much importance in determining whether there is a lia-
bility growing out of a given state of facts.

Where an injury is inflicted to a plaintiff's right by a will-
ful act of force, it constitutes a trespass. 1 Chit. Pl. 128;
Percival v. Hickey, 18 Johns. 257; Wilson v. Smith, 10 Wend.
324; Cadwell v. Farrell, 28 Ill. 438.

From this view it is clear that the special damage arising
from the recovery by Cornell of a judgment against plaintiff
for damages received by him as a passenger on plaintiff's car
at the time in question, is not a necessary element of the cause
of action. The doctrine on the subject of such recovery over, is,
as we understand it, correctly stated in Knox, Adm'r, v. The
City of Sterling, 73 Ill. 214, where it was said that the theory
of the liability of a property-owner over to the city is, that the
former is the real author of the wrong, and by reason of the
corporation not being itself the wrong-doer, but having, by its
relative position to the public, been compelled to pay the dam-
ages sustained, it shall have a remedy over against the real
author of the injury. If, as between itself and the author of
the nuisance, the corporation was a wrong-doer, it could have
no remedy over.

In Talmadge v. The Zanesville & M. Road Co. 11 Ohio, 197, a passenger on the plaintiff's coach was injured, and sued and recovered against the plaintiff for such injury; and the latter sued the Zanesville & M. Road Co. for negligence in failing to keep their road in repair on which plaintiff's coach was running at the time the passenger was injured. But the court held plaintiff was entitled to recover only for the injury to his coach, but not for that of the passenger.

So, here the plaintiff may recover for the injury incurred by the invasion of its right, without regard to the special damages set out. For that reason the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.