John H. Horne

v.

Isaac Mandelbaum.

</div>

1. Injury result of culpable negligence—Form of action.—Where the injury to a wife or child is the result of culpable negligence or the creation of a nuisance, the action must be in form *ex delicto*, and neither assumpsit nor debt will lie.

2. Action of trespass—When assumpsit or debt will not lie.—An action of trespass brought in the county court by plaintiff against defendant, to recover damages to plaintiff for a personal injury inflicted by defendant upon plaintiff's infant daughter and servant, by a willful act of force. *Held*, that the wrong-doer having acquired no gain to himself, by way of money, goods or services, there is no undertaking or promise implied by law which can form the basis of an action of debt or assumpsit.

3. Jurisdiction.—As the case as made by plaintiff's declaration did not belong to any class of which a justice of the peace had jurisdiction, the county court was without jurisdiction.

ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.   Opinion filed October 23, 1883.

Mr. DAVID S. PRIDE, for plaintiff in error; as to jurisdiction, cited Hurd's R. S. 1881, Ch. 79, § 13; Ch. 378, § 94; Klokke v. Dodge, 103 Ill. 125.

Messrs. FAIRCHILD & BLACKMAN, for defendant in error; cited Dennis v. Clark, 2 Cush. 347; Cooley on Torts, 95.

The legal obligation to indemnify raises the request: Greenleaf on Ev. § 108.

Defendant in error might have sued in assumpsit, and justices have jurisdiction in all cases where assumpsit will lie: R. S., Justice of the Peace Act, § 13.

McALLISTER, P. J.   This action was brought in the county court by Mandelbaum against Horne, to recover damages to the plaintiff, occasioned by a personal injury inflicted upon the infant daughter and servant of the plaintiff, by a willful act of force on the part of defendant.   The plaintiff's declaration is in one count, which alleges that August 5, 1882, in the county of Cook, Eva, the daughter and servant of the plaintiff, eight years of age, was sitting with the consent of the defendant, in his wagon, and while so being in said wagon, was attempting to get down therefrom; that the defendant, well knowing the premises, willfully and maliciously refused to let the wagon stand still, so that she might get down safely, but on the contrary thereof, willfully and negligently started up the horse attached to said wagon, and moved the same, so that the said Eva was thrown violently from said wagon, and grievously hurt and injured in and about her face and person, was made sick, etc., for the space of twenty-four days, and the plaintiff, by reason thereof, was put to great expense for nursing, medicine and medical attendance.   The defendant pleaded not guilty, and the case was tried, in his absence, and the plaintiff had judgment. There is no bill of exceptions, but the defendant brings the

Horne v. Mandelbaum.

record to this court, assigning for error that upon the face of the declaration the county court had no jurisdiction of the case.

In the case of Klokke v. Dodge, 103 Ill. 125, the Supreme Court decided that the act of 1881, purporting to give the county court the jurisdiction of a circuit court in all cases at law and in equity, was unconstitutional. We are therefore required, in determining the question of the jurisdiction of the county court in this case, to go back to the original act of its creation. By that act its jurisdiction is defined in this language: "The county court shall have concurrent jurisdiction with the circuit court, in all that class of cases wherein justices of the peace now have, or may hereafter have, jurisdiction, where the amount claimed or the value of the property in controversy, shall not exceed one thousand dollars." The amount claimed in this case was less than a thousand dollars. So that the jurisdiction is challenged solely upon the ground that the case, as made by the plaintiff's declaration, did not belong to any class of which a justice of the peace has jurisdiction. Do the facts alleged in plaintiff's declaration constitute a case, a cause of action, of which a justice of the peace in this State has jurisdiction? It was conceded by counsel for the plaintiff below, on the argument, there was nothing in the justice's act which conferred the jurisdiction, unless it was given by a clause in the sixth specification, under section 13 of that act, in these words: "And in all cases where the action of debt or assumpsit will lie." R. S. 1874, p. 639. The counsel claimed, that although the defendant below had committed a tort, yet the plaintiff, suing in the character of a master of a servant, could waive the tort and maintain assumpsit; therefore the case fell within the clause just quoted. Is that so? The action was in form clearly an action *ex delicto;* not only that, but the facts averred amount to an assault and battery upon the child, for which an action of trespass *vi et armis*, would lie in the name of the child. The injury, as described in the declaration, was not only direct and immediate, but was inflicted by the defendant by a willful act of force, or in other words, *intentionally.* Every essential ingredient of a trespass to the person of the

child, and of the action of trespass, is here present: Percival
v. Hickey, 18 Johns. 257; Cadwell v. Farrell, 28 Ill. 438; 1
Chit. Pl. 128.

It was not necessary in order to constitute an assault and
battery, that the defendant below should have touched the
child with his hands or other part of his person. It is enough
that he willfully set a force in motion which caused the in-
jury as an immediate result: Scott v. Shephard, 2 H. Black-
stone, 892; 3 Wilson, 403, S. C.; 1 Bac. Abr. 371, Tit. As-
sault and Battery (B); Dodwell v. Burford, 1 Mod. 24; Hop-
per v. Reeve, 7 Taunt. 698; Martin v. Shoppe, 3 B. & C.
373; Vandenburgh v. Truax, 4 Denio, 464.

Trespass is maintainable upon the facts set out in this action
by the father for the loss of service, and trouble and expense
occasioned by the injury to his child: Woodward v. Walton,
2 New. R. 476; Ditchman v. Bond, 2 Maule & Sel. 436. In-
deed, the facts averred characterize the action here as an action
of trespass by the father for a beating of his child and servant,
and if the court had jurisdiction it was well brought.

Now the doctrine, applicable under certain circumstances,
of waiving the tort and suing in assumpsit, can have no possible
application to this case; for the reason that from the very nat-
ure of the acts in question, the defendant below could acquire
no gain to himself by his wanton injury of the plaintiff's
child. In Hambly v. Trott, Cowp. 376, Lord Mansfield, in
considering this question of waiving the tort and maintaining
assumpsit, developed the true principle. He said: "Here,
therefore, is a fundamental distinction. If it is a sort of in-
jury by which the offender acquires no gain to himself at the
expense of the sufferer, as beating or imprisoning a man, etc.,
then, the person injured has only a reparation for the *delic-
tum* in damages to be assessed by a jury." See, also, Osborn
v. Bell, 5 Denio, 370, and cases there cited.

And where the injury to a wife or child is the result of
culpable negligence, or the creation of a nuisance on the part
of the defendant, the action must be in form *ex delicto*, and
neither assumpsit nor debt will lie: 1 Chit. Pl. 60; Connett

v. The City of Chicago, 8 Chicago Legal News, 323; Knox v. The City of Sterling, 73 Ill. 214; 1 Bac. Abr. 125.

The wrong-doer having acquired no gain to himself, by way of money, goods or services, there is no undertaking or promise, implied by law, which can form the basis of an action of debt or assumpsit.

We think it is clear that a justice of the peace has no jurisdiction in such a case as this, and that, consequently, the county court had none. The judgment below will therefore be reversed.

<div align="right">Judgment reversed.</div>