JONES v. ROWLEY.

(Circuit Court, S. D. California. March 22, 1896.)

No. 664.

1. PLEADING—FOLLOWING STATE RULES—PLEA IN ABATEMENT.
    Though a defendant be permitted by the state practice and rules of pleading, adopted by the federal courts, in accordance with Rev. St. § 914, to

unite a plea to the jurisdiction of the court with pleas to the merits, he need not necessarily do so, but he may and the better practice ordinarily is to present his objections to the jurisdiction, before pleading to the merits; and the fact that such a plea is called a "plea in abatement," though properly designated, under the state practice, as an "answer," is no reason for striking it out.

2. SAME—DENIAL OF DAMAGE—JUDGMENT ON THE PLEADINGS.

A denial, in a plea in an action to recover land, of the allegations in the complaint of the amount of damages caused to the plaintiff by being deprived of the land, and of the amount of the rents and profits, is sufficient of itself to defeat a motion for judgment on the pleadings in such action.

3. FEDERAL COURTS—JURISDICTION—AMOUNT IN DISPUTE.

Whether, when a plaintiff sues for a large tract of land, and the defendant is in possession of and claims only an inconsiderable part thereof, and disclaims as to the rest, the amount in dispute is the value of the whole tract, or only of the part claimed by defendant, quære.

Motion to Strike Out Plea, and for Judgment on the Pleadings.

Tanner & Taft, for plaintiff.
Thos. R. Owen, for defendant.

WELLBORN, District Judge. This action is brought to recover possession of certain real estate described in the complaint, and the sum of $1,000, damages alleged to have been sustained by the plaintiff through the act of the defendant in withholding possession of said land, and the further sum of $500, rents, issues, and profits of said property. The complaint alleges that the matter in controversy exceeds the sum of $2,000. Defendant has filed what he calls a "plea in abatement," in which it is alleged, that "the matter in controversy in this action does not exceed the value of two thousand dollars"; that, of the land sued for, defendant is in possession of only 50 acres, whose value does not exceed $10 per acre; and that he disclaims all right, title, or interest to or in the balance of said land; and that the damages for withholding possession of said land, and the rents, issues, and profits thereof, do not exceed the sum of $1. Plaintiff moves to strike out said plea, on the ground that the same is not authorized by law, and also moves for judgment on the pleadings, on the ground that said plea presents no issuable fact, and the time for answer has expired. These two motions will be considered in the order in which they have been stated.

1. Plaintiff's argument in support of his motion to strike out is that by section 422, Code Civ. Proc. Cal., made applicable, by section 914, Rev. St. U. S., to the federal courts in this district, a plea in abatement is not authorized, but that the matters which, at common law, would be thus properly presented, must, under said section, be set forth by way of answer. This contention, I think, is untenable. That a defendant may plead to the jurisdiction of the court does not admit of question; and the fact that he calls his pleading "a plea in abatement," instead of an answer, as, perhaps, strictly speaking, would be the appropriate designation, under the state practice of California, is no ground for striking out the pleading. Where objections are offered to the jurisdiction of the court, the better practice, for obvious reasons, is to determine such objections before the trial upon the merits, although, since the act of congress approved

June 1, 1872 (17 Stat. 197), carried into the Revised Statutes as section 914, conforming the rules of pleading, etc., in actions at common law, in the courts of the United States, to those prevailing in the courts of the several states, objections to the jurisdiction of the court and matters in defense of the cause of action may be united in the same answer. Roberts v. Lewis, 144 U. S. 653–658, 12 Sup. Ct. 781. In that case, the court, among other things, says:

"Doubtless, so long as the rules of pleading in the courts of the United States remained as at common law, the requisite citizenship of the parties, if duly alleged or apparent in the declaration, could not be denied by the defendant, except by plea in abatement, and was admitted by pleading to the merits of the action. Sheppard v. Graves, 14 How. 505. But since 1872, when congress assimilated the rules of pleading, practice, and forms and modes of procedure in actions at law in the courts of the United States to those prevailing in the courts of the several states, all defenses were open to a defendant in the circuit court of the United States, under any form of plea, answer, or demurrer, which would have been open to him under like pleading in the courts of the state within which the circuit court is held. Act June 1, 1872, c. 255, § 5 (17 Stat. 197); Rev. St. § 914; Bank v. Lowery, 93 U. S. 72; Glenn v. Sumner, 132 U. S. 152, 10 Sup. Ct. 41; Central Transp. Co. v. Pullman Palace Car Co., 139 U. S. 24, 39, 40, 11 Sup. Ct. 478."

The court then proceeds to hold that, according to the Code of Nebraska, diverse citizenship of the parties may be put in issue by a general denial. Such I understand to be also the rule under the California practice. The case of Sheppard v. Graves, 14 How. 505, lengthily quoted from by the defendant, was decided in 1852, and hence the disapproval, there expressed, of uniting pleas in abatement with pleas to the merits, has not, since the act of 1872, above mentioned, been of controlling influence in those districts where, according to the state law, matters in abatement and to the merits may be joined in the same answer. While a defendant, however, is permitted to thus present the issue of jurisdiction, he need not necessarily do so, but may and the better practice ordinarily is to present such questions preliminarily. The motion to strike out is denied.

2. The other motion—that is, the motion for judgment on the pleadings—raises the question as to the sufficiency of said plea. Among the material parts of the complaint are the allegations that the plaintiff, by being deprived of the possession of his land, has been damaged $1,000, and that the value of the rents, issues, and profits of said land, since he has been excluded therefrom, is $500. The plea, besides its jurisdictional allegations, avers that said damages and rents, issues, and profits do not exceed $1. These averments are equivalent to denials of plaintiff's allegations of the amount of his damages, and the value of the rents, issues, and profits of the land. As to these matters, therefore, the plea is, in substance, a plea to the merits; and the fact that it bears an erroneous appellation, and may be otherwise inartificially drawn, does not destroy its substantial character.

With reference to the jurisdictional allegations, it may be well to observe now, without, however, determining its sufficiency, that the plea seems to be approved by numerous authorities. Simon v. House, 46 Fed. 317; Greene v. City of Tacoma, 53 Fed. 562; Hilton v. Dickinson, 108 U. S. 174, 2 Sup. Ct. 424; Railway Co. v. Smith, 135

U. S. 195, 10 Sup. Ct. 728; Grant v. McKee, 1 Pet. 248; Kanouse v. Martin, 15 How. 208; Maxwell v. Railway Co., 34 Fed. 290. Nor is there anything to the contrary in the quotation which plaintiff makes from Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500. 13 Sup. Ct. 416, as follows:

"In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say, in advance, that that defense will be presented by the defendant, or, if presented, sustained by the court."

In the case at bar, if the defendant asserted title to all the land sued for, and was in possession of the same, then the whole of said property would unquestionably be the matter in dispute, even though the defense should be adjudicated valid; and this illustrates the meaning of the quotation. But where the plaintiff sues for a large tract of land, and the defendant is in possession of and claims only an inconsiderable part thereof, it may well be doubted if his disclaimer, as to the balance, is such "a valid defense to a cause of action" as that referred to by Judge Brewer in said quotation. Whether that part of the plea, however, which goes to the jurisdiction of the court, is good or bad,—that is, whether the matter in dispute is the whole of the land sued for, or only that part to which the defendant alleges and may prove his claim and possession to be limited,—it is unnecessary now to decide, since the plea must be held good in the particulars above indicated, namely, its denials of the amount of damages, and value of rents, issues, and profits.

Motion for judgment on the pleadings denied.