DERK P. YONKERMAN CO., Limited, v. CHARLES H. FULLER'S ADVER-
TISING AGENCY.

(Circuit Court, N. D. Illinois. February 23, 1905.)

No. 27,348.

1. FEDERAL COURTS—JURISDICTION—PARTNERSHIP—CITIZENSHIP.

Where a declaration by a partnership organized under Comp. Laws Mich. 1897, c. 160, §§ 6079, 6089, providing for the organization of limited partnerships in joint-stock corporations, etc., alleged that plaintiff was such a partnership, organized as stated, having its principal place of business in K., and authorized to sue and be sued in the name of Y. Company, Limited, and that each and every member and partner of such association was a citizen of Michigan, such allegation sufficiently charged the citizenship of the parties comprising the firm to confer jurisdiction; such associations being quasi corporations.

[Ed. Note.—Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261; Mason v. Dullagham, 27 C. C. A. 303.]

2. SAME—PLEA IN ABATEMENT.

Where a declaration in an action by a partnership averred that the members thereof were all citizens of the state of Michigan, the defendant was entitled to challenge such averment, under the Illinois practice, by plea in abatement, unless waived by pleading to the merits.

3. SAME—ASSUMPSIT—MONEY RECEIVED.

An original declaration contained ordinary common counts on promises, after which complainant filed an amended declaration alleging the employment of defendant as plaintiff's advertising agent under an agreement to pay defendant the actual cost price of such advertising, and 10 per cent. additional as compensation, and alleged that defendant fraudulently rendered false accounts of the cost of advertising inserted, and that plaintiff, being wholly ignorant thereof, overpaid defendant large sums of money sued for, which defendant unlawfully withholds from plaintiff,

and for which it refuses to account. *Held*, that the averment of fraud in the amended declaration should be disregarded as immaterial, and that both declarations therefore stated a similar cause of action to recover money under a quasi contract.

Charles C. Gilbert, for plaintiff.
Arthur W. Underwood, for defendant.

SANBORN, District Judge. Demurrer to amended declaration. Plaintiff is a partnership association organized under chapter 160, Comp. Laws Mich. 1897, §§ 6079 to 6089. Such associations are legal entities, and are quasi corporations, controlled by the law applicable to corporations rather than partnerships. Staver, etc., Mfg. Co. v. Blake (Mich.) 69 N. W. 508, 38 L. R. A. 798; Rouse, Hazard & Co. v. Detroit Cycle Co. (Mich.) 69 N. W. 513, 38 L. R. A. 794. The amended declaration alleges that the plaintiff is a partnership association organized as above stated, having its principal place of business in the city of Kalamazoo, and authorized to sue and be sued under the name of Derk P. Yonkerman Company, Limited, each and every member and partner of which partnership association is a citizen of the state of Michigan. This allegation is challenged by the demurrer on the ground that it does not properly state or set forth the citizenship of the parties, and that it appears that the plaintiff is a partnership composed of more than one person, and none of such persons is made a party to said suit, or named in the declaration, or either count thereof. If the name of the partners had been given in the declaration, there could be no question of the sufficiency of this allegation to show jurisdiction. While it is usual to give the names of the parties whose citizenship is alleged, as in Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 479, 20 Sup. Ct. 690, 44 L. Ed. 842, yet as stated by Judge Caldwell in Carnegie, Phipps & Co., Limited, v. Hulbert, 53 Fed. 10, 3 C. C. A. 391, "when a copartnership sues, the citizenship of the parties composing it must be averred, and must be such as to confer the jurisdiction." No reason is perceived why the allegation is not sufficient, since the averment is express that each and every member and partner of the plaintiff association is a citizen of the state of Michigan. Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. ——. In the Great Southern Hotel Case it is said, "It was necessary to set out the citizenship of the individual members of the partnership association which brought this suit." While it is not sufficient to aver that a company or association is a citizen of a particular state, an additional averment that it is a corporation being necessary, yet this rule does not seem to extend to the case of an individual.

The defendant may challenge the averment that the members of the association were not at the beginning of the suit citizens of Michigan by plea in abatement, under the Illinois practice. In states which have adopted the Code of Civil Procedure, such allegation may be challenged by general or special denial in a plea to the merits, but under the common-law system of procedure all pleas in abatement to the jurisdiction are waived by pleading to the merits. Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Southern Pacific Co. v.

Denton, 146 U. S. 209, 36 L. Ed. 377, 13 Sup. Ct. 47; Mexican Cent. Ry. v. Pinkney, 149 U. S. 206, 37 L. Ed. 704, 13 Sup. Ct. 864; Greene v. Tacoma (C. C.) 53 Fed. 563; Jones v. Rowley (C. C.) 73 Fed. 288.

To the point that a plea in abatement is waived by pleading to the merits, as a general rule, see Allen v. Watt, 69 Ill. 655; Lindsay v. Stout, 59 Ill. 491; Hawkins v. Albright, 70 Ill. 87; Thomas v. Lowy, 60 Ill. 512.

A further ground of demurrer is that the amended declaration is framed as an action of trespass on the case, while the original proceeding was an action of trespass on the case upon promises. The original declaration contained the ordinary common counts on promises. The amended declaration states an agreement by which defendant was to become plaintiff's advertising agent. Defendant was to cause to be inserted in divers newspapers and magazines advertisements at the lowest prices which could be obtained. The plaintiff agreed to pay the defendant the actual cost price for such advertising matter, and 10 per cent. additional as compensation. It is further alleged that the defendant procured to be inserted such advertising matter in numerous papers and magazines, and rendered plaintiff accounts therefor at the end of each month during the advertising period, and that it was the duty of the defendant to obtain the lowest possible prices, and truly state the same in said accounts, but the defendant, disregarding its duty in that behalf, did not state the true prices for the advertising matter, but, on the contrary, falsely and fraudulently, and with intent to deceive and defraud the plaintiff, rendered false, fraudulent, and fictitious accounts, well known to the defendant to be false, fraudulent, and fictitious; the plaintiff being wholly ignorant of the true prices, and relying on the statements and accounts rendered by the defendant. Under these circumstances it is alleged the plaintiff overpaid the defendant large sums of money, being not less than $10,000, which the defendant unlawfully withholds from the plaintiff, and for which it refuses to account. I think the averment of fraud is entirely immaterial, and that the suit is an action on the case in assumpsit to recover the amount of the overpayments alleged to have been made. In effect, the declaration alleges benefits to the defendant paid by the plaintiff in ignorance of the true situation. This would give the plaintiff the right of recovery quasi ex contractu, whether or not the defendant acted fraudulently. Even where money or goods have been wrongfully taken from the plaintiff, so that an action of tort would lie, yet, in all cases where the defendant has received the benefits of the transaction, either by sale or retention of the property converted, or in some other manner, the plaintiff has the election to waive the tort and sue in assumpsit. Horne v. Mandelbaum, 13 Ill. App. 607; Morrison v. Rogers, 3 Ill. 317; Kellogg v. Turpie, 93 Ill. 265, 34 Am. Rep. 163; Johnston v. Salisbury, 61 Ill. 316. See, also, Carter v. White, 32 Ill. 509; Willenborg v. I. C. R. R., 11 Ill. App. 302; Sherburne v. Tobey Furniture Co., 19 Ill. App. 619.

There are two further grounds of demurrer, to the effect that the remedy is solely in equity, and that the declaration is obnoxious to the statute of frauds. The above considerations seem to dispose of both

of these grounds of demurrer against the defendant. Defendant may, if so advised, plead specially in abatement to the jurisdiction or to the merits, and the ordinary rule to plead over will be entered.

Demurrer overruled.