## George A. Lamb, Appellee, v. Herbert O. Tomlinson et al., Appellants.

### Gen. No. 17,094.

1. PERSONAL PROPERTY—*when parties are co-owners.* Parties to an agreement are co-owners where they agree that books taken as part payment for books sold are to be common property and that any one interested may sell them.

2. ASSUMPSIT—*when does not lie by one co-owner of property against another.* Where books are held by two parties as co-owners and each has the power to sell, no recovery in *assumpsit* can be had by one of such parties against the other for his share therein when the books have not been converted into cash or money's worth.

3. ASSUMPSIT—*when no recovery on theory of constructive conversion.* Recovery in *assumpsit* cannot be had by one of two co-owners of books each of whom has power to sell, on the theory of constructive conversion after demand for his interest was refused by the other, where no demand is shown except for money.

4. ACTION—*splitting causes.* On recovery in *assumpsit* for commissions for sales of books by plaintiff and for his interest in books held by the parties as co-owners, the amount recovered as his interest in the books may be severed and remittitur thereof required, since the case does not consist of one cause of action.

5. COSTS—*when may be taxed equally.* Where a remittitur of part of a judgment is required on appeal, one-half of the costs of the appeal may be taxed to each party.

Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed on remittitur. Opinion filed February 11, 1913. Remittitur filed February 20, 1913.

McARDLE & McARDLE and FRANK L. DeLAY, for appellants.

F. W. BALCOMB, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit in *assumpsit* and involves numerous transactions under written and verbal agreements,

whereby plaintiff Lamb effected or assisted in effecting sales of books for defendants, involving thousands of dollars. The trial was before the court without a jury and took several weeks. The testimony taken covers 2,000 pages of the record, and involves matters of accounting, items of cash advanced, expenses incurred, bonuses and commissions claimed, and questions as to division of profits which included cash, notes and unsold books.

Plaintiff claimed a balance of over $57,000, and defendants a set-off of nearly $10,000 and a balance due them of over $4,500. Plaintiff's claims to the amount of $16,580.89, and defendants' set-off to the amount of $9,416.68 were allowed, and judgment for the balance, $7,164.21, was entered for plaintiff. The court passed on 137 special findings of fact, some of them including numerous items of account. The testimony is conflicting, but after a thorough review thereof we cannot say that the court was not justified in its findings of fact, except as to the amount due, and therefore it would serve no useful purpose to discuss it or the merits of the criminatory and recriminatory charges it presents. Suffice it to say that the methods of dealing with customers apparently adopted in the transactions in question justify the belief that neither party would have resorted to a court of equity for a division of the profits therefrom. We shall, therefore, consider questions of law only, which relate principally to the court's allowing plaintiff an estimated value of his share in certain unsold books.

It appears that there were several sales in which other books were taken in exchange as part payment and they remained with defendants until sold. Those still on hand were produced at the trial. The court found, and correctly we think, that plaintiff had an undivided interest in them, but over defendants' objection received evidence of their market value, and allowed plaintiff his proportionate share, which it estimated at $4,187.90. The only question we find it nec-

essary to consider is whether such allowance was proper.

Plaintiff in both his declaration and testimony claimed an undivided interest in the books. Describing the agreement in his declaration he says: "In case defendants * * * took books in exchange, plaintiff was to have an interest in said books, equal to what his share would have been in case of cash payments." This allegation is inconsistent with his contention here that it was one of the terms of the agreement "that defendants had the option to pay plaintiff partly in books and partly in cash, or reduce the books by sale or otherwise to cash and pay entirely in money;" and he now claims that having given defendants a reasonable time in which to exercise such option he could recover for their value. We find nothing in the record to support such an agreement or that plaintiff ever relied upon any such construction of it. The accepted import of the agreement was that the books taken in part payment of the sales were to be the common property of the parties interested in the sale, and that any one of the parties so interested might sell them. Plaintiff himself testified that the division was to be made at once when books were received in exchange, or the books should be sold and the proceeds divided, and that any one could sell the books who could make a sale. In some of the transactions other persons became interested in the sales and the books taken in exchange, and it was agreed, and the court so found, that any one of the parties in interest might buy the share of another at a certain percentage of either wholesale, or catalogue, or list, or subscription price of the books, and if none, of the price at which sold. There was no offer by plaintiff to buy or refusal by defendants to sell them.

The parties were interested in such books as co-owners, and they went into defendants' possession subject to disposition as aforesaid. Not having been

converted into cash or money's worth, no recovery under the action of *assumpsit* could be had for plaintiff's share in them. Morrison v. Rogers, 3 Ill. (2 Scam.) 318; Creel v. Kirkham, 47 Ill. 344; Johnston v. Salisbury, 61 Ill. 316.

Plaintiff also predicates his right to recover in *assumpsit* on the theory that there was a constructive conversion of his interest by a demand therefor and defendants' refusal to comply with it, and that he could waive the tort and bring such action. But the record shows no demand by him except for money. We need not, therefore, discuss the subject of conversion or the remedy open when there is only constructive conversion.

So far, therefore, as the judgment includes plaintiff's share in such unsold books, estimated as aforesaid, at $4,187.90, it cannot stand without a remittitur of that sum.

Defendants contend that no part of the judgment can stand because plaintiff would thus be permitted to split his cause of action in a case where only one recovery can be had. But we do not think this a case of one cause of action. No division of the entire demand will result in severing from the matters properly recoverable under the declaration the claim for his interest in the unsold books. Plaintiff's portion of cash from the sales was due him when realized, for which if not paid he could sue at any time. But his right to recover therefor was a demand separate and distinct from his interest as co-owner in the unsold books for which, as stated, no recovery would lie in *assumpsit* until they had been converted into money or money's worth. Whether the facts are such as to justify any other form of action for such interest is not a question raised by this record.

If appellee will within ten days from the filing of this opinion file in this court a remittitur of $4,187.90, the judgment will be affirmed, each party to pay one-

half the costs in this court; otherwise the judgment will be reversed and the cause remanded for a new trial at appellee's costs.

*Affirmed on remittitur.*