## Maunsel White v. Charles Jones.

14 681
115 1088

The liquidating partner of a commercial firm may sue in his own name, by representing the claim sued on as arising out of the business of the late firm, so as not to deprive the defendant of any means of defence to which he would be entitled in a suit in the name of all the partners.

The liquidating partner, to whom the assets have been assigned, cannot, by a release in favor of his late partner, render him a competent witness in his favor.

In a suit on an account, a special denial by defendant of the correctness of the charges for interest, discount and commissions, is restrictive of the general denial, and proof that no other objection was made to the account when presented, when thus corroborated, will suffice.

When the defendant offers in evidence the credit side of an account copied from the merchant's books, the whole account must be taken together, but the defendant is not excluded from showing the incorrectness of particular items of debit.

In the absence of a written agreement to pay eight per cent. interest on an account, legal interest only can be recovered from judicial demand.

Compensation cannot be allowed for services rendered, when the procuration is gratuitous.

Where a draft is drawn by a planter on his factor, for the benefit of the latter, the former is entitled to commissions at two and a-half per cent. for the risk incurred as drawer of the draft, according to the mercantile usage established in such cases.

In the absence of any allegation or proof of fraud, the acknowledgment of payment and release of a partnership debt by one of the partners, by an act under private signature, during the existence of the partnership, will be binding on the liquidating partner.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J.

*Smith & Spencer*, for plaintiff. *McGuire & Ray*, for defendant and appellant.

BUCHANAN, J. This is a suit for balances of three accounts-current, and balances of interest, due the firm of *Maunsel White & Co.* by the defendant.

The house of *Maunsel White & Co.* was dissolved by the following notice, published in the newspapers on the 2d February, 1852:

"The copartnership heretofore existing between the undersigned, under the firm of *Maunsel White & Co.*, is this day dissolved by mutual consent. The affairs of the late firm will be liquidated by *Maunsel White*, to whom its assets are transferred for that purpose.

(Signed)       MAUNSEL WHITE,
         CUTHBERT BULLITT,
         THEODORE RION."

This suit is instituted by the liquidating partner in his own name; and an exception was filed by defendant to his right to proceed in this form. The exception was properly overruled. The petition sets forth the fact of the claim being one arising out of the business of plaintiff's late firm; and the defendant is deprived of no right which he could have exercised had the suit been brought in the name of all the partners.

The plaintiff offered one of his late partners as a witness; but this testimony was objected to, and was properly rejected. For the witness was, really, although not nominally, a party plaintiff in this suit. The written release by *Maunsel White* was a vain thing. He could not release *Rion's* liability to the creditors of the late firm of *Maunsel White & Co.* *Rion* was, therefore, directly interested in increasing the assets of said firm, from which to pay the creditors in course of liquidation. Besides, *Rion* is defendant in reconvention, as will be hereafter seen.

Defendant, in his answer, denies generally all the items *to his debit* in the ac-

86

WHITE
v.
JONES.

counts sued upon, and specially denies " in any event " that the charges for interest, discount and commissions are legal.

This special denial is restrictive of the general denial, and corroborates the testimony of *Miller*, plaintiff's witness, who swears that the accounts were rendered to defendant, who made no other objections to them, except that excessive interest and discount were charged.

On trial, defendant offered in evidence the credit side of the three accounts-current sued upon.

Those accounts-current are proved to be exact transcripts from the books of *Maunsel White & Co.* Defendant's offer of the credit side of those accounts was, then, the same thing, as if the defendant had offered the books from which the accounts-current were copied. A merchant's books, says Article 2244 of the Civil Code, are good evidence against him ; but if used in evidence, *the whole must be taken together.* Hen. Dig., p. 512.

The accounts are, therefore, evidence before this court, of all that they contain ; but we do not understand Article 2244, as excluding the right of defendant to show the incorrectness of particular items, either upon their face, or by proof, under the general and special denials contained in his answer. And,

1st. His objections to the charges of interest appear to us to be well taken. The interest charged is eight per cent., the highest rate of conventional interest ; but the circumstances of this case do not bring it within the doctrine of *Flower* v. *Millaudon*, 19th La., and of several other decisions, so as to dispense plaintiff with the written proof of an agreement to pay this rate of interest. In the absence of such agreement, the only interest that can be allowed, is legal interest from the judicial demand. C. C. 1935, 2895.

2d. There is a charge in account B, under date of the 31st July, 1850, of $5000, for a draft of defendant in his own favor, payable at four months date from the 25th of July. There appears to be an error in the date of this draft. It was dated 29th August, 1850, and is proved to have been drawn by defendant on account of disbursements for a steamship which was being built in New York by *Maunsel White & Co.*, to whose benefit the proceeds of the draft accrued. This item must, therefore, be deducted from plaintiff's claim.

3d. As to the discounts which are objected to by defendant, we have not found any such items in the accounts.

The deduction, as above, for interest ($1821 95), and for the draft ($5000), reduce the grand balance of accounts A, B, and C, ($16,384 24,) to $9,562 29.

In his answer and amended answer, defendant sets up claims in reconvention and compensation against plaintiff and against plaintiff's late partners, *Cuthbert Bullitt* and *Theodore Rion*, for a total amount exceeding forty thousand dollars, upon seven distinct specifications.

The jury who tried the cause in the court below rejected all these reconventional demands, with the exception of the second, which they reduced from five thousand four hundred dollars to five hundred dollars.

We think that, under the evidence, if any allowance be made defendant, as compensation for his services in effecting a sale of the steamship in New York, it ought, in reason, to exceed five hundred dollars. Indeed, a witness who seems to have had an intimate acquaintance with the whole transaction, estimates the value of defendant's services to plaintiff's firm, in this matter, at two thousand seven hundred dollars, exclusive of his traveling expenses. But we are of opinion, that under the law of mandate, as laid down in our Code, Art. 2960, the defend-

ant has not made out a case for the allowance of a compensation for these services. We would allow him his traveling expenses, but there is no proof in the record of their amount.

We concur with the jury in rejecting items 1, 3, 4, 5 and 6 of defendant's claim.

We are of opinion, that defendant is entitled to commissions of two and a-half· per cent., as charged by him (item No. 7), for drawing bills upon *Maunsel White & Co.*, for the accomodation of the latter, as shown by the evidence, to the amount of $166,820 84. Defendant, as drawer of these bills, incurred a liability to pay them, in case they were not honored at maturity by the acceptors. For this risk, incurred by defendant for plaintiff's benefit, the former is entitled to that remuneration which mercantile usage in this State has fixed as adequate and proper in such cases.

In accordance with the views above expressed, we state the rights of the parties as follows :

Balance of account-current C in favor of plaintiff, rectified by the deduction of certain items, as above, in that account, and in the accounts A and B............................................... $9,562 29

PER CONTRA.

Commissions of two and a-half per cent. due by plaintiff to defendant, on $166,820 84.................................... 4,170 50

Balance in favor of plaintiff.................... $5,391 79

The last question to be considered relates to two notes of defendant in favor of, and endorsed by *John G. Cocks*, secured by mortgage of property of defendant. The notes and mortgage were assigned and transferred by *Cocks* to plaintiff's late firm, on the 21st March, 1849. This transfer, although absolute on its face, is alleged by plaintiff to have been made as a collateral security for advances made and to be made by plaintiff's firm to defendant. By a paper bearing date the 8th of May, 1850, *Cuthbert Bullitt*, a partner of the late firm of *Maunsel White & Co.*, acknowledged payment of the notes of defendant in favor of *Cocks*, and released the mortgage in the name of his firm.

This release was recorded in the parish of Catahoula, where the mortgaged premises are situated, on the 23d of June, 1853. The present suit was instituted in February, 1854. It is argued by plaintiff's counsel, that the release of this· mortgage, being an act under private signature, has no date except that of its registry, which was after the dissolution of the copartnership of *Maunsel White & Co.*; and that *Bullitt* was without authority to make a release at that date, the assets of the firm having been assigned to plaintiff, as liquidating partner. But we are of opinion, that plaintiff is bound by the date which the instrument of release bears. That d·te is more than eighteen months anterior to the dissolution of partnership ; and plaintiff, in the absence of any allegation or proof of fraud, cannot be allowed to repudiate the act of his partner, which was his own act, so long as the partnership endured.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; that plaintiff recover of defendant five thousand three hundred and ninety-one dollars and seventy-nine cents, with legal interest from the 12th February, 1854, until paid, and costs of the District Court ; those of appeal to be paid by plaintiff and appellee.