<div style="margin-left:auto">DAVIS<br>v.<br>MILLAUDON.</div>

*perpetua,* has been repealed, and no longer forms a maxim in our jurisprudence. We find that it has been otherwise considered by our predecessors, and recognized as a maxim of law which survived the great repealing Act of 1828, and which they have declared applicable to a certain class of cases well defined in the opinion of Mr. Justice Slidell in the case of *Boeto* v. *Laine,* 3 An. 141. The vendor's right of action for the recovery of the price, and the vendee's right of action for diminution of price, arise out of the contract of sale of the plantation and slaves now in controversy, and the claim for diminution is, consequently, in the language of the commentators, *visceral*—necessarily attached to the vendor's action for the price, and inseparable from the contract of sale itself. We are therefore of the opinion, that the vendee's claim for diminution comes within the operation of the rule, *quæ temporalia,* and, that being sued for the price, he may avail himself, as a matter of defence, of a deficiency in the quantity of the land sold, though the action *quanti minoris* be prescribed. See 1 N. S. 468, 3 N. S. 695, 4 N. S. 500, 2 An. 546, 3 An. 141.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded to the lower court for further proceedings according to law, and that the defendant pay the costs of this appeal.

*Note.*—The pleadings and issues are different in this case from those in the case of the plaintiff against *Laurent Millaudon,* referred to in the foregoing opinion.

---

## ALFRED KEARNEY & CO. *v.* ROBERT FENNER & CO.

Suit being brought against *R. F.* and *C. W.,* as composing the commercial firm of *R. F. & Co.,* and the petition and citation served on *R. F.* alone—*Held:* That the service of citation was sufficient as to both partners.

In a suit against the maker of a promissory note, in confirming a judgment by default, it is not necessary that the signature of the maker should be proved.

Where the name of one of the partners, who is sued on a note of the firm, does not appear either in the firm name or in the return of citation, the fact of his being a partner must be proved, to entitle the plaintiff to confirm a judgment by default against him.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *G. L. Bright,* for plaintiff. *M. M. Cohen* and *Lea & Marr,* for defendants and appellants.

BUCHANAN, J. This action was instituted upon five promissory notes, payable to the order of plaintiff, and signed " *R. Fenner & Co.*"

The petition alleges, that the firm of *R. Fenner & Co.* is a commercial partnership composed of *Robert Fenner* and *William Crawford.*

Citation issued to " *R. Fenner & Co.,*" and was served upon *R. Fenner* in person.

Judgment by default was rendered and confirmed.

The only evidence offered to confirm the default was " the five notes sued upon in this case."

The judgment was against *Robert Fenner* and *William Crawford in solido.* They have separately appealed, and assign for error, that the return of citation was insufficient to justify the default ; and that the evidence offered was insufficient to justify the final judgment.

We think the return of the citation served on *R. Fenner* in person justified the judgment by default. The Code of Practice, Art. 198, provides, that when a suit is brought against a commercial association trading under a title, or as a firm, service of citation is to be made *on any of the partners in person*, or upon their clerk or agent, at their place of business.

As to the confirmation of the default, Judge Rost being the organ of the court, it was decided in *Davis* v. *Davis*, 8 An. 91, that in a suit against the maker of a promissory note, in confirming judgment by default, the signature of the maker need not be proved.

It is argued that this decision has been overruled by the case of *Tillett* v. *Upton*, 12 An.; but, on examination, such does not appear to be the case. ˙ *Tillett* v. *Upton* was not a suit against the maker of the note, but against his administratrix. The Article 324 of the Code of Practice, which requires the express acknowledgement or denial of the signature by defendant, does not apply to such a case; for that Article speaks of actions upon obligations alleged to have been signed *by the defendant in the action.* And as to the case of *Davis* v. *Davis*, which was grounded upon the Article 324, it is not so much as mentioned in the decision of *Tillett* v. *Upton.*

The case of *Young* v. *Talbot*, 12 Rob. 518, quoted by Judge Voorhies in *Tillett* v. *Upton*, rather favors the doctrine of *Davis* v. *Davis;* for no objection is made therein to want of proof of signature of the maker of the note (defendant in the suit), but of that of the payee and endorser, the plaintiff being endorsee.

It is believed that the case of *Davis* v. *Davis* has been generally acted upon as a rule of practice in the courts of the first instance, ever since its publication in the Reports; of which, indeed, the present case furnishes an example. We have given full consideration to the objections urged against that decision of our predecessors, and do not find it necessary or expedient to disturb it.

We cannot, however, stretch the admission implied from the judgment by default, to the allegation contained in the petition, that the appellant, *William Crawford*, (whose name does not appear in the firm, nor in the return of citation,) was a member of the firm of *R. Fenner & Co.* This is a fact which should have been proved, under the circumstances, before entering up final judgment against him individually.

It is, therefore, adjudged and decreed, that the judgment appealed from be affirmed, as to the appellant; *Robert Fenner;* that it be reversed as to the appellant, *William Crawford*, and that there be judgment in favor of said *Crawford*, as in case of nonsuit; that the costs of the District Court be borne by defendant, *Fenner*, and those of appeal one-half by said *Fenner*, and one-half by plaintiff.

MERRICK, C. J., dissenting. I adhere to the decision of *Tillett* v. *Upton*, 12 An., which I understood as overruling the case of *Davis* v. *Davis*.