## No. 5178.

R. G. LATTING VS. FASSMAN, BRYANT & Co.

Section 5057 of the United States Revised Statutes declaring that suits by, or against an assignee in bankruptcy, touching any property, or rights of property transferable, or vested in such assignee, must be brought within two years from the time when the cause of action accrued for, or against him, only applies to causes of action which accrue after the bankruptcy and in which the defendant really sets up an adverse interest to the plaintiff. It does not apply to suits brought by, or against the bankrupt, before his bankruptcy, and to which the assignee merely makes himself a party, in order to carry on the suit.

A partner *in commendam* is entitled to sue for a settlement of the partnership, and ascertain, and demand his share of its assets.

APPEAL from the Sixth District Court, parish of Orleans.    *Saucier,* J.

*Randolph, Singleton & Browne,* for plaintiff and appellant.

*Thomas Gilmore* and *J. Ad. Rozier,* for defendants.

The opinion of the court was delivered by

. WYLY, J.    Plaintiff brought this suit in March, 1867, for the partition of the partnership existing between plaintiff and defendants for the manufacture of bricks.    In February, 1869, R. G. Latting was adjudged a bankrupt and his estate assigned to E. E. Norton, assignee.    In June, 1873, more than two years after his appointment, the assignee made himself a party to this suit.    Thereupon E. K. Bryant, one of the defendants, excepted, on the ground that under the bankrupt act the assignee was barred by the lapse of two years from instituting this proceeding or becoming a party to this litigation.    He also excepted to the litigation by Chambers, the alleged commendam partner of R. G. Latting, on the ground that he was without interest, and could not interfere in this proceeding.    The court maintained the exception and dismissed the suit.

E. E. Norton, assignee, and William Chambers, the alleged commendam partner of R. G. Latting, have appealed.

We think the court did not err.

The assignee permitted more than two years to elapse before making himself a party to the proceeding.    By section 5057 of the Revised

Statutes of the United States the suit could not be maintained by the assignee. Chambers, the alleged commendam partner of Latting, is wholly without interest to interfere in the settlement of the partnership for making bricks which was formed in February, 1862, between R. G. Latting and the firm of Fassman, Bryant & Co. The contract between Latting and Fassman, Bryant & Co. is in the record, and there is no authentic evidence that Chambers was a commendam partner of the partnership for the manufacture of bricks.

The position that before going into bankruptcy R. G. Latting conveyed to Chambers his interest in the partnership the settlement of which is the subject of review can not be maintained. Both before and after the bankruptcy he joined R. G. Latting in filing petitions in which he judicially admitted the interest of Latting and only claimed to be a commendam partner of Latting.

Judgment affirmed.

## On Rehearing.

The opinion of the court was delivered by

DeBlanc. On the first page of the transcript, whose petition do we find? Not that of R. G. Latting, but that of "the commercial house of R. G. Latting, a general partner, and William Chambers, a partner in commendam." In that petition, filed since more than ten years, the two partners aver that in February, 1862, they formed a copartnership with the commercial firm of Fassman, Bryant & Co., and they pray for a settlement of that copartnership.

Of the three defendants, James D. Brown alone denies, and so far only as he is concerned, the existence of that copartnership. He charges that he never authorized or sanctioned the same. It may be that he was and is not a member of that copartnership. As to the others, they were. This fact is established by their judicial admissions; and, besides, by proof adduced on the trial, which stands uncontradicted, and corroborates those admissions.

The answers of defendants were filed in March and April, 1867. In 1868 the matter in litigation was referred to an auditor, and in 1869 the auditor submitted his report. To that report, on the nineteenth of March, 1873, R. G. Latting and William Chambers filed their oppositions. In June, 1873, Bryant excepted to those oppositions on the grounds —

First—That in February, 1869, Latting was adjudged a bankrupt, and on that account could not oppose the auditor's report.

Second—That the supposed causes of action of plaintiff are barred by the statute of limitation.

Third—That Chambers is no party to this suit, and can not be heard in the manner and form attempted.

In June, 1873, Norton, as Latting's assignee, joined in this controversy.

The matter in litigation was referred to an auditor before Latting was adjudged a bankrupt, and the auditor made his report on the fifteenth of February, 1869.   On the ninth of June, 1873, Latting's assignee appeared in court, and simply said : "I make myself a party to this suit, and adopt as my own the petition of plaintiff."   He prayed for nothing more, for nothing less, than the commercial house of Latting had already asked.   To this proceeding on assignee's part a plea of prescription is opposed.

Section 5057 of the Revised Statutes provides that "no suit at law or in equity shall be maintained, in any court, between an assignee in bankruptcy and a person urging an advertisement touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against the assignee."

In this case no right of action accrued to or against any of the parties after the bankruptcy.   The assignee brought no suit, did not even file an opposition.   In a suit and opposition which he found already filed he asked to be and was allowed to appear as Latting's assignee, to continue what Latting had commenced.

In 1873, before the assignee became a party, the commercial house of Latting had sued for a settlement of the copartnership, and the two partners, Latting and Chambers, had filed oppositions to the auditor's report.   All the assignee had to and could do, all he did, was to file an appearance.   To what can the invoked prescription apply ?   Is it to the action then pending, instituted in 1867, and never discontinued ?   Is it to the assignee's right to file an appearance ?

In his evidence, taken under commission, Latting said : "In the fall of 1868 I gave Mr. Chambers a writing stating that upon a final and amicable settlement of accounts between us I found myself indebted unto him in a certain amount, and transferred to him my interest in all the assets of the copartnership.   He had paid and assumed to pay its debts."

"If a chose in action upon which a suit has been brought was assigned before the commencement of proceedings in bankruptcy the suit may still be prosecuted in the name of the bankrupt, and the assignee is the only party who can control the transfer."   Bump's Law and Practice, p. 128.

Is the assignee, in and as to every case, an indispensable party ?   As to that, the statute is permissive : "He may or he may not sue.   It only becomes his duty to prosecute a suit where the interests of the estate demand it.   When he does, he must show that interest.   Unless it be to protect some right, there is no reason to make him a party to a protracted litigation.   Of the necessity to proceed or not to proceed he is in the first instance the judge."   Bump's Law and Practice, p. 128 to 130.

Latting vs. Fassman, Bryant & Co.

The plea of prescription is not warranted by the facts. " Plaintiffs do not claim an interest adverse to defendants in or touching any property or right of property of the bankrupt transferable to or vested in the assignee, nor do defendants claim any interest adverse to plaintiffs in or touching any property or right of property." Ninth vol. National Bankrupt Register, p. 38 to 47 ; fourth vol. National Bankrupt Register, p. 161 and 162.

Defendants contend that Chambers can in no way be considered a party to this suit, and that he should be entirely ignored, inasmuch as the liquidation of a partnership concerns only the partners, and takes place between them without the interference of the partner in commendam. That argument presents two questions :

First—Is the partnership in commendam recognized by our laws, and, if recognized, is the partner in commendam entitled to a share of the profits ?

Second—If entitled to a share in the profits, has he or not an action to compel the settlement of the partnership or copartnership, an action to ascertain, fix, and recover that share ?

That of the profits he has a proportionate share no one can justly deny. The Code so provides. It is manifest, then, as there exists no right without a remedy, that he has an action to enforce any right which he may have acquired as a partner or as his partner's transferee.

It is therefore ordered that the former decree of this court be set aside, the judgment appealed from annulled, avoided, and reversed, the exception filed by E. K. Bryant on the seventeenth of June, 1873, overruled and dismissed, and this case remanded to the lower court for trial on the merits ; the costs of the appeal to be paid by defendants.