## MARTIN *v.* MEYER *et al.*

### (*Circuit Court, E. D. Louisiana.* February 25, 1891.)

PARTNERSHIP—ACTION AGAINST—JOINDER OF PARTIES.

Under the Louisiana jurisprudence, by which a partnership is a distinct legal entity, capable of being sued when the partners are joined with it, two partners of a commercial partnership domiciled in that state may be sued with the partnership on a firm contract without joining the third, who is a non-resident.

On Exception to Jurisdiction.

This was an action by James W. Martin, a citizen of Mississippi, against V. & A. Meyer & Co., of Louisiana, a commercial firm, composed of Victor Meyer, Adolph Meyer, and other persons alleged to be unknown to plaintiff, for a balance alleged to be due for goods sold by defendants for the account of plaintiff. Defendants filed an exception to the jurisdiction, alleging that the firm was composed of Victor, Adolph, and Solomon Meyer, and that the latter was a citizen of New York; that his name is published in the city directory of New Orleans as a member of the firm, and that plaintiff must have known the fact; but that his name and citizenship was omitted from the petition to prevent the jurisdiction of the court from being ousted on the face of the pleadings. A jury was waived, and the cause tried before the court.

Before PARDEE and BILLINGS, JJ.

*W. S. Benedict*, for complainant.

*Farrar, Jonas & Kruttschnitt*, for defendants.

PER CURIAM. The plaintiff, a citizen of Mississippi, on an obligation of the commercial partnership of V. & A. Meyer, domiciled in Louisiana, may sue in this court Victor Meyer, a citizen of Louisiana, Adolph Meyer, a citizen of Louisiana, and the partnership of V. & A. Meyer, so far as the said partnership is capable of being sued and standing in judgment; but cannot sue Solomon Meyer, a citizen of the state of New York. Under the jurisprudence of Louisiana a partnership is a legal and moral entity, a civil person, with peculiar rights and attributes, separate and distinct from the individuals composing the partnership, which can have a domicile, contract and be contracted with, buy and sell, act as agent, and perform many other functions; (see *Smith* v. *McMicken*, 3 La. Ann. 322; *Paradise* v. *Gerson*, 32 La. Ann. 532; *Succession of Pilcher*, 39 La. Ann. 362, 1 South. Rep. 929;) and, while not capable of suing and being sued by itself, is capable of suing and being sued joined with the partners. When sued with the partners, and the plaintiff recovers, judgment

is rendered against it and the partners individually.    This is the established practice in Louisiana.    In rendering judgments in this court in suits where the partnership is joined as a defendant with the real obligors, we see no objection to following the usual form established and followed in the state practice.    The effect of this is precisely what is produced by a judgment against the members of a partnership in the common-law states; it characterizes the judgment as being rendered upon a partnership obligation, and affects the partnership property as well as the individual property of the partners.    Certainly the naming of the partnership as a defendant, even if such partnership is not a distinct party defendant capable of standing in judgment, cannot defeat the jurisdiction of the court which exists over the other defendants.    The question in this case is therefore reduced to the single inquiry whether Solomon Meyer is a necessary party to the maintenance of this suit.    This precise question, we understand, is decided in the negative by the supreme court in *Breedlove* v. *Nicolet*, 7 Pet. 413, where it was held that, on an obligation of a commercial partnership domiciled in Louisiana, two partners residing in Louisiana might be sued without joining the third partner, not residing in said state.    See, also, Rev. St. U. S. § 737.    The facts as set forth in the exception on file we find to be true as pleaded, but for the reasons aforesaid we are of opinion that the exception should be overruled, and it is so ordered.