LAND, J.
This is an appeal from a judgment-maintaining several oppositions to the account filed by the liquidators of the commercial partnership of M. F. Dunn & Bro. In this court, the appellants have restricted their contention to the opposition of Byron Weston Company, and pray that the judgment allowing the same be reversed.
The claim of Byron Weston Company is based on a judgment in its favor rendered by the civil district court of the parish of Orleans, in March, 1901, against M. F. Dunn & Bro., and Michael F. Dunn and Dennis J. Dunn in solido.
There were two partnerships of exactly the same name — that is, “M. F. Dunn & Bro.” —the one the successor of the other. One of these partnerships, the first in time, was composed of Michael F. Dunn and Dennis J. Dunn and Timothy Moroney in eommendam. The plant of this firm was destroyed by fire on October 22, 1S98, and the partnership was dissolved by agreement of date November 2, 1898. M. F. Dunn and D. J. Dunn formed a new partnership under the style of M. F. Dunn & Bro. to carry on a similar business. Notice of the dissolution was given by public advertisement on November 3, 1898, and notice by mail to all creditors, including Byron Weston Company.
The agreement of dissolution provided that the affairs of the late firm should be liquidated by M. F. Dunn and Timothy Moroney, jointly, and that all of its assets, consisting principally of insurance claims, should be placed in their hands for the purpose of joint administration and the payment of debts.
In April, 1899, the liquidators were confirmed as such and made officers of the court by judgment rendered on their own petition, and qualified by giving bonds, first in the sum of $7,500, and subsequently in the sum of $20,000.
The liquidators proceeded with their administration under the orders of the court, and, having paid a large number of judgments and other claims, in June, 1904, filed their account showing a cash balance of $16,727.29.
In the meantime the Byron Weston Company had obtained the judgment already referred to; and, the liquidators refusing to allow the same as a debt due by the partnership in liquidation, the Byron Weston Company filed an opposition to the account praying that the same be amended by awarding to opponent the amounts specified in said judgment.
The petition in the suit brought by the Byron Weston Company alleged: ■
“That M. F. Dunn & Bro. in liquidation, a commercial firm composed of Michael F. Dunn and Dennis J. Dunn and Timothy Moroney in eommendam, all residents of the city of New Orleans, state of Louisiana, are justly and truly indebted to petitioner,” etc.
The prayer was that said firm of M. F. Dunn & Bro. and Michael F. Dunn and Dennis J. Dunn be cited, and for judgment against them in solido. Service of the petition was accepted and citation waived by “Bernard McOloskey and Percy S. Benedict, attorneys for M. F. Dunn & Bro.” Judgment was rendered on default, as prayed for, against all the defendants in solido.
We think it apparent on the face of the papers that the firm in liquidation, and not the new firm; was sued, and judgment rendered against it and the two partners who composed it. The partner in eommendam was not a proper or necessary party to the *557 suit, because he was not suable personally for the debts of the firm and was not one of its representatives. The partnership though dissolved, continued for the purposes of liquidation. Cutler v. Cochran, 13 La. 484.
In Montague v. Weil & Bro., 30 La. Ann. 52, the court said:
“Since the Case of Kearney, 14 La. Ann. 870, it has not been disputed that service of citation upon one partner of a commercial firm was sufficient, and that a judgment against the firm was properly rendered upon such citation. It is also true that a commercial partnership exists, for the purpose of its liquidation, after it has been dissolved, and the former partners may he sued in the court of the firm domicile on the liabilities of the firm.”
In that case the citation was addressed to the firm and served on one of its members, and it was held that he was properly brought into court.
If the dissolved partnership continues to exist as a legal entity, it necessarily must be represented by all .of the partners; and their joinder as plaintiffs or defendants is the only mode by which it can sue or be sued. The partner in commendam is not considered a real partner, and the use of his name or agency in the social business is prohibited. Civ. Code, arts. 2844, 2849. He is not liable for the debts of the partnership beyond his contribution, and his right of action after dissolution is restricted to the ascertainment and recovery of his share of the assets remaining after the payment of debts and costs of liquidation. Latting v. Fassman, 29 La. Ann. 280. Hence, the partner in commendam has, quoad the partnership, no representative capacity, and his joinder in suits by or against the firm is not permitted. He, like a dormant or secret partner, is bound by a judgment rendered against the ostensible firm or partner. Boudreaux v. Martinez, 25 La. Ann. 167.
It may be suggested that the liquidators represented the partnership and were necessary parties. The firm was solvent, and the liquidators were appointed by articles of agreement to collect claims and pay the acknowledged debts of the concern. The power to sue and be sued was not expressly included in the mandate. But the power to sue when necessary to collect claims due the partnership was implied, and with it the incidental power to stand in judgment as to all defenses that might be urged, had the suit been brought in the name of all the partners. White v. Jones, 14 La. Ann. 681. On the other hand, the power to be sued and stand in judgment was not conferred on the liquidators, either by the articles of agreement or by the confirmatory order of appointment. Such a power was not necessary to enable the liquidators to discharge the duties imposed upon them by their mandate. The powers of liquidators to partnerships have not been defined by statute, and therefore must be deduced from the convention of the partners or from the order of appointment. In the instant case the partnership was solvent, and the liquidators were appointed by consent of all the partners, as a matter of convenience in the settlement of the affairs of the concern.
This appointment was confirmed by order of court, and the liquidation was operated through its machinery as in case of insolvency or succession. This anomalous proceeding did not affect the right of creditors to sue the firm and its members in solido in the usual manner.
In our opinion the judgment in favor of the opponent is valid, and cannot be collaterally attacked or questioned.
The restrictive ruling of the district judge in admitting the judgment in evidence forced, the opponent to adduce evidence tending to show that it was based on indebtedness of the old firm. It is unnecessary to review such evidence or to consider the objections made to opponent’s right to recover judgment thereon. One objection is novation and the other prescription, the former admitting that the *558 indebtedness once existed. The evidence shows beyond question that the note merged in the judgment was given in renewal of notes of the old firm, and that the account sued on in the same case represented merchandise purchased by the same firm and shipped prior to its dissolution.
It is argued by counsel that the merchandise was received and used by the new firm. If so, the new firm is responsible to the old firm for the value of the property thus appropriated.
Judgment affirmed.