EMPIRE RICE MILL CO., Limited, v. K. & E. NEUMOND.

(District Court, E. D. Louisiana. October 19, 1912.)

No. 13,861.

1. Courts (§ 315*)—Jurisdiction—Federal Courts—Members of Partnership.

For the purposes of federal jurisdiction, the members of a partnership or joint-stock company are not presumed to be citizens of the state of the domicile, and jurisdiction is only established on proof of diversity of citizenship of the members.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861; Dec. Dig. § 315.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 315\*)—FEDERAL COURTS—PARTNERSHIP.**

A partnership, though considered a legal entity in Louisiana, cannot be regarded either a corporation, or a quasi corporation, for the purpose of determining federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861; Dec. Dig. § 315.\*]

**3. PARTNERSHIP (§ 200\*)—ACTIONS—NATURE AND EFFECT.**

Though a commercial partnership in Louisiana is an entity separate and distinct from the persons composing it, and it must sue and be sued in the firm name, yet the members may be joined in the same proceeding, and judgment rendered against the firm and the partners in solido.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 369–371; Dec. Dig. § 200.\*]

**4. PARTNERSHIP (§ 204\*)—ACTION AGAINST FIRM—PROCESS.**

When suit is brought against a firm, even after dissolution, for a firm debt contracted before dissolution, a citation, issued to the firm and served on one of the partners, will bring the firm and the partner served within the court's jurisdiction, without reference to whether the notice of dissolution had been given to the creditor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 376–381; Dec. Dig. § 204.\*]

**5. PARTNERSHIP (§ 204\*)—ACTION—PROCESS.**

Where there was diversity of citizenship between plaintiff and the members of a firm as individuals, service by delivering process to one of the partners was sufficient to confer jurisdiction over the firm and the partner served, though the domicile of the firm's business was the same as that of plaintiff.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 376–381; Dec. Dig. § 204.\*]

At Law. Action by the Empire Rice Mill Company, Limited, against K. & E. Neumond. On exceptions to the jurisdiction of the court. Sustained in part, and overruled in part.

D. B. H. Chaffe and A. D. Preston, both of New Orleans, for plaintiff.

Merrick, Lewis, Gensler & Schwarz, of New Orleans, for defendant.

FOSTER, District Judge. This is a suit on a contract by a corporation, organized under the laws of Louisiana and domiciled in the city of New Orleans, against a commercial partnership, also domiciled in New Orleans, doing business in the firm name of K. & E. Neumond, composed of Karl Neumond and Eugene Neumond, both citizens of the empire of Germany, and against its individual members, for an amount exceeding $3,000. The prayer is for judgment in solido against the firm and against its members individually. A citation, addressed "to K. & E. Neumond, a commercial firm, and Karl Neumond and Eugene Neumond, the individual members thereof," together with a copy of the petition, was served on Karl Neumond in person in the city of New Orleans, and a return of service on Neumond individually, and on the firm, was duly made.

Exceptions to the jurisdiction were filed on the ground that K. & E. Neumond, the commercial firm, is domiciled and doing business in the city of New Orleans, and hence, being under the law of Lou-

isiana a legal entity, is a citizen of Louisiana, diversity of citizenship does not exist. This exception was overruled, and defendants then filed additional exceptions on the grounds that the partnership with which the contract was made was not in existence at the time of the service, and, if it is to be held that the partnership of itself has no citizenship, the court for that reason has no jurisdiction over it; and, in the alternative, the defendants urge a reconsideration of their exception previously filed.

By an agreed statement of facts it appears that K. & E. Neumond was a commercial partnership, domiciled in New Orleans, composed of Karl Neumond and Eugene Neumond, both citizens of Germany, and that it was succeeded on July 1, 1910, by a firm of the same name, composed of Karl Neumond and Eugene Neumond and Ludwig Iseman, and due notice thereof was published in the daily papers of New Orleans and sent by circular to the trade.

The rule with regard to suits by or against corporations in the federal courts is so well settled and of such long standing that in pleading they are generally designated as citizens of the state of their creation; but it is not because they are in fact citizens in any sense of the word that they have standing in court. In the earlier decisions the Supreme Court always took occasion to say that corporations were not citizens; but they held that the artificial body would be considered as a company of individuals transacting their joint affairs in a legal name, and later they laid down the rule that the stockholders would be conclusively presumed to be citizens of the state creating the corporation. Bank of the United States v. Deveaux, 5 Cranch, 61, 3 L. Ed. 38; Louisville Railroad Co. v. Letson, 2 How. 497, 11 L. Ed. 353; Marshall v. B. & O. Railway Co., 16 How. 314, 14 L. Ed. 953; Covington Drawbridge Co. v. Shepherd, 20 How. 227, 15 L. Ed. 896; Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207.

[1] In principle there would seem to be no difference between a corporation and a partnership, if the latter has the right to sue in the firm name. The Supreme Court, however, has always denied as to a partnership, or joint-stock company, the presumption that its members are citizens of the state of its domicile, and has always required the allegation, or proof, of the diversity of citizenship of its members. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800.

But, for all I have been able to discover, the requirement has gone no further, and where diversity of citizenship between the members of a partnership and the adverse parties to a suit has been shown jurisdiction has been entertained. Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 842; Id., 193 U. S. 532, 24 Sup. Ct. 576, 48 L. Ed. 778.

In the case of Thomas v. Board of Trustees, 195 U. S. 207, a suit by a citizen of Michigan, the Supreme Court decided the question squarely, and held that the federal courts would have jurisdiction of a suit against a board of trustees, not a corporation, but authorized to sue and be sued in their collective name, without bringing in the individuals, if it was alleged they were all citizens of Ohio. See, also,

Younkerman Co. v. Fuller's Adv. Agency (C. C.) 135 Fed. 613; Bruett v. Austin (C. C.) 174 Fed. 668; Martin v. Meyer (C. C.) 45 Fed. 435.

[2] A partnership in Louisiana is considered a legal entity; but, so far as I am aware, except for the decision in Liverpool, Brazil & River Platte Navigation Co. v. Agar & Lelong (C. C.) 14 Fed. 615, it has never been considered a corporation, or even a quasi corporation. That case I do not find persuasive, and it is certainly opposed to the decisions above cited.

[3, 4] However, it is well settled in Louisiana that a commercial partnership is in contemplation of law a moral being, an entity separate and distinct from the persons who compose it. Title to the personal property vests in it, and not in the partners, though they are bound in solido for its debts. It must sue and be sued in the firm name; but the members may be joined in the same proceeding, and judgment rendered against the firm and the partners in solido. When suit is so brought, even after dissolution, on a debt of the firm contracted before the dissolution, a citation, addressed to the firm and served on one of the partners, will bring in the firm and the partner served, and it is immaterial whether or not notice of the dissolution had been given to the creditor. C. C. arts. 2801 to 2890; C. P. art. 198; Smith v. McMicken, 3 La. Ann. 322; Montague v. Weil, 30 La. Ann. 54; Succession of Pilcher, 39 La. Ann. 363, 1 South. 929; Wolf v. Tailor Made Pants Co., 52 La. Ann. 1369, 27 South. 893; Id., 110 La. 427, 34 South. 590; In re M. F. Dunn & Bro., 115 La. 1084, 40 South. 466.

[5] In this case diversity of citizenship is shown, there was proper service of the firm and of Karl Neumond, and both can stand in judgment in this court. Service of the firm and both members was also attempted by handing a citation and copy of the petition to Ludwig Iseman. It is, of course, ineffective, and should be quashed.

The exception of Karl Neumond and of the firm will be overruled, and the exception of Eugene Neumond to the service of citation will be sustained.