### GUESS & ALBIN v. HAM et al.
### No. 5663.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Writ of Certiorari and Review Denied Aug. 5, 1938.

W. T. Holloway, of Jonesboro, and Kennon & Kitchens, of Minden, for appellant.

John T. Campbell, of Minden, for appellees.

DREW, Judge.

Plaintiff, Guess & Albin, an ordinary partnership, filed suit against the ordinary partnership of J. L. Ham & Company, composed of the individuals, J. L. Ham and Sam Murtishaw, and against the individual members thereof for the amount of $486.05, alleging that the indebtedness arose out of and was connected with some work done on a PWA project in Caddo Parish, Louisiana. Petitioner set forth that there was an agreement between plaintiff and defendants whereby the plaintiff was to pay for all of the expenses in connection with the work that was due on the project, which included all administrative and incidental expenses connected therewith and that the defendants were to do likewise on their part of the project; that subsequent to the acceptance of and bid

on the contract, this agreement was reduced to writing and signed by both plaintiff and the defendants; and that in the course of carrying out this agreement and through the understanding and authorization of the defendant, J. L. Ham & Company, and acting under the instructions of the defendants, plaintiff paid all bond premiums, compensation insurance, salary of the bookkeeper, office expenses necessary for the work, telephone bills, the amount due the code authorities as provided for by the contract, and for certain material used in carrying out the defendant's part of the contract, amounting in all to $883.05, upon which the amount of $397.03 was paid, leaving a balance due and owing of $486.05, an itemized statement of which was attached to the petition. That the plaintiff paid all of the expenses to simplify matters and at the request and instructions of the defendants and upon completion of the work, the bill was presented to the defendants and defendants acknowledged the account to be correct and promised to pay it, but later neglected, refused, failed and denied payment.

After the filing of the suit, J. L. Ham, one of the partners, filed an exception of no right or cause of action, insofar as J. L. Ham & Company was concerned, for the reason that the partnership had been dissolved and terminated. The exception further set forth that the petition disclosed no right or cause of action as against J. L. Ham.

Subsequent to the filing of the original petition, petitioner filed a supplemental and amended petition, in which it alleged that in the event the partnership was dissolved, J. L. Ham was responsible for the indebtedness unto petitioner for the amount sued on for the reason that J. L. Ham had retained over $500 out of the partnership assets for the purpose of liquidating this indebtedness and that by virtue of this retention, he was personally liable to petitioner for that amount.

Petitioner further set forth in its amended and supplemental petition that, in the alternative, should the court hold that petitioner was not entitled to judgment against J. L. Ham, individually, that J. L. Ham and Sam Murtishaw, the partners, were liable for the amount jointly and that the partnership assets which had been received by the partners were responsible for the debts.

After the filing of the amended and supplemental petition, defendant J. L. Ham filed an exception of no cause or right of action and an exception to the citation, the exception to the citation being based on the fact that the original partnership of J. L. Ham & Company had been dissolved and a new partnership opened under the same name, but with different partners.

The lower court sustained the original exception of no cause or right of action, insofar as J. L. Ham & Company was concerned, but dismissed the exception, insofar as J. L. Ham, individually, was concerned. Insofar, as the last two exceptions are concerned, the lower court sustained both of the exceptions as to J. L. Ham & Company.

On the day of trial, defendant Sam Murtishaw filed an exception of no cause or right of action in his own individual capacity, which exception was not taken up on the trial of the case, but a default had been previously rendered against Sam Murtishaw. Defendant J. L. Ham, in filing his answer, admitted the written agreement, admitted the payment of the premiums for the bond, but denied the indebtedness as sued on and tendered the amount of $380.05 which he admitted was due, together with costs up to that date, the tender having been refused by plaintiff.

On trial of the case, the lower court gave judgment in favor of plaintiff and against defendant J. L. Ham for the full sum of $380.05, and for all costs up to and including October 7, 1937, but refused the demands of plaintiff for the additional amount, ordering plaintiff to pay all costs from October 8, 1937, to date.

Both plaintiff and defendants then took a devolutive appeal to this court, and plaintiff has duly perfected its appeal.

The only amount in contest here now is $16 due for cement purchased from plaintiff by one Savacool, an employee of J. L. Ham & Company, and the two payments of $45 each which Ham claims he paid to the bookkeeper. The $16 is not due by defendant for the reason Savacool purchased the cement for his individual use and not for that of J. L. Ham & Company, and plaintiff's bookkeeper was instructed at the time not to charge it to Ham & Company.

The other two items of $45 each, we think, are due. Under the arrangement existing between plaintiff and defendant, plaintiff was to pay all bills and when the project was completed, Ham & Company was to pay its prorata part. All of the salary of the bookkeeper was paid by plaintiff. It is true Ham paid the bookkeeper $45 on two occasions, but gave no notice to plaintiff that he had done so. One of these payments was made after plaintiff had discharged the bookkeeper and, as he testified, was for services rendered to Ham thereafter. The other payment, the bookkeeper claims, was for extra work done for J. L. Ham & Company in opening up a set of books, and that neither payment was for salary during the time the arrangement between plaintiff and defendant was in existence. Plaintiff paid all of the salary due the bookkeeper and paid all bills, and if Ham & Company did pay two half month's salary to the bookkeeper without notifying plaintiff, who, under the general arrangement paid it again, Ham & Company could not claim credit for it. Their recourse would be against the bookkeeper. We are convinced the claim for $90 is just and is due to plaintiff. The judgment should have been for $470.05 instead of $380.05, and the defendant should have been cast for costs.

The partnership composed of J. L. Ham and Sam Murtishaw was an ordinary partnership for a limited time, which time had expired and the partnership effects divided. The law is that partnership property cannot be divided until all debts have been paid. It is likewise the law that ordinary partners are bound jointly and not in solido for the debts. However, in the settlement of this partnership, J. L. Ham retained in his hands $500 to be used to pay plaintiff's claim. He admits this fact and has assumed no indebtedness owing by J. L. Ham & Company to plaintiff. Therefore, there can be no doubt concerning his liability for the full amount due plaintiff.

Sam Murtishaw, the other partner, filed an exception of no cause and right of action to the claim for personal judgment against him. This exception has never been passed on and he did not file an answer. The case as to him personally was not at issue when tried below and no judgment could have been rendered against him. The property of the partnership is good for the debts and was so pledged, and the partnership could not escape its

obligations by dissolution, nor will a dissolution oppose any obstacle to its creditors in enforcing their obligations in the court where they were enforceable during the existence of the firm.

■ In the case of Montague v. Weil & Brother, 30 La.Ann. 50, at page 52, the court said:

"It is also urged in defense that the firm of Weil & Brother was dissolved on 25th October 1873, six days before the lease was to begin, and notice of its dissolution was published in a newspaper on the 31st, and therefore the firm could not be held responsible on the lease, and that it has paid all the rent due up to the time of its dissolution. It was also urged by way of exception that the firm could not be sued after its dissolution by service on one of its members, and that no judgment could be rendered against the member who was cited, because the citation was addressed to the firm.

"The defense is not good, and first as to the exception. Since the case of Kearney v. Fenner, 14 La.Ann. 870, it has not been disputed that service of citation upon one partner of a commercial firm was sufficient, and that a judgment against the firm was properly rendered upon such citation. It is also true that a commercial partnership exists for the purpose of its liquidation, after it has been dissolved, and the former partners may be sued in the Court of the firm domicil on the liabilities of the firm, and in a late case this doctrine was extended so as to permit them to be brought in by attachment, if they were non-residents. Lobdell v. Bushnell, 24 La.Ann. 295.

"A commercial firm is not permitted to escape its obligations by a dissolution, nor will such dissolution oppose any obstacle to its creditors enforcing their obligations in the court where they were enforceable during the existence of the firm."

And in the case of Empire Rice Mill Company v. K. & E. Neumond, D.C., 199 F. 800, the court said (page 803):

"However, it is well settled in Louisiana that a commercial partnership is in contemplation of law a moral being, an entity separate and distinct from the persons who compose it. Title to the personal property vests in it, and not in the partners, though they are bound in solido for its debts. It must sue and be sued in the firm name; but the members may be joined in the same proceeding, and judgment rendered against the firm and the partners in solido. When suit is so brought, even after dissolution, on a debt of the firm contracted before the dissolution, a citation, addressed to the firm and served on one of the partners, will bring in the firm and the partner served, and it is immaterial whether or not notice of the dissolution had been given to the creditor. C.C., arts. 2801 to 2890; C.P., art. 198; Smith v. McMicken, 3 La.Ann. [319] 322; Montague v. Weil, 30 La.Ann. [50] 54; Succession of Pilcher, 39 La.Ann. [362] 363, 1 So. 929; Wolf v. Tailor-Made Pants Company, 52 La.Ann. [1357] 1369, 27 So. 893; Id., 110 La. 427, 34 So. 590; In re M. F. Dunn & Bro., 115 La. 1084, 40 So. 466."

Under these authorities, we are of the opinion the lower court erred in sustaining the exception as to the partnership of J. L. Ham & Company. It was properly brought into court.

We therefore conclude there should be judgment for plaintiff in the sum of $470.-05 against the partnership and J. L. Ham in solido.

It therefore follows that the judgment of the lower court sustaining the exceptions of no cause and right of action and exception to the citation as to the partnership of J. L. Ham & Company is reversed and the exceptions are now overruled, and there is judgment in favor of plaintiff and against J. L. Ham & Company, composed of J. L. Ham and Sam Murtishaw; and against J. L. Ham in solido in the sum of $470.05, with interest at the rate of five per cent per annum from judicial demand until paid and for costs.