## LABARRE PLANTATION PARTNERSHIP

v.

## AMOCO PRODUCTION COMPANY, et al.

### No. 86–655–B.

United States District Court, M.D. Louisiana.

Dec. 31, 1986.

Daniel Lund T.A., Donald W. Doyle, New Orleans, La., for plaintiff.

Frank J. Peragine, T.A., Simon, Peragine, Smith & Redfearn, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on the motion of the plaintiff, Labarre Plantation Partnership ("Labarre"), to remand. No oral argument is required on this motion. The court finds plaintiff's motion to remand should be granted.

Labarre originally filed this suit in the Eighteenth Judicial District Court of Louisiana, alleging various claims relating to certain mineral leases. The defendants, Columbia Gas Transmission Corporation ("Columbia"), and Amoco Production Company ("Amoco"), timely removed the case to this court. Labarre has now filed this motion to remand asserting that this court lacks subject matter jurisdiction in that there does not exist complete diversity among the parties to the proceeding. Plaintiff asserts that two of the partners of Labarre are citizens of the state of Illinois as evidenced by supporting affidavit. Amoco also has its principal place of business in the state of Illinois.

Labarre argues that where a partnership is a party to a lawsuit, citizenship of the partnership, for diversity considerations, is determined on the basis of the citizenship of each of its partners. *Great So. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1979). Accordingly, plaintiff asserts that complete diversity among the parties does not exist and therefore this court is without subject matter jurisdiction.

In response to plaintiff's motion, Amoco and Columbia argue that the authorities relied on by the plaintiff pertain only to common law jurisdictions and are not applicable to a Louisiana partnership because Louisiana is a civil law jurisdiction. Defendant contends that in civil law jurisdictions such as Louisiana the partnership is regarded as a separate entity or juridical person, distinct from its members and that as such, the partnership should be treated as a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Defendants rely on *People of Puerto Rico v. Russell and Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933) to support their argument. In *Russell* the court held that a *sociedad en comandita* is a juridical entity under Puerto Rican law, and its domicile rather than that of its members, determines citizenship for removal to federal court. The defendants then compare the characteristics of the *sociedad* to that of a Louisiana partnership. Although the court agrees that there are many similarities between the two entities, the court does not believe these similarities should cause the court to hold that a Louisiana partnership should be given the same status for purposes of federal jurisdiction as that of a corporation.

This court finds the situation in *Russell* was unique and its holding is not applicable to the case now before the court. Instead, this court will follow the clear mandate of the Supreme Court in subsequent cases and the unambiguous language of 28 U.S.C. § 1332.

28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction where the matter is between "citizens of different states." The only exception is provided in § 1332(c) which states:

For the purposes of this section and section 1441 of this title, a *corporation* shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business[.]

(emphasis provided).

In *United Steelworkers v. R.H. Boulingny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) the Supreme Court refused to treat an unincorporated labor union as a citizen for purposes of federal jurisdiction without regard to the citizenship of its members. The court stated:

We are of the view that these arguments, however appealing, are addressed to an inappropriate forum, and that pleas for extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to Congress and not to the courts.

*United Steelworkers,* 382 U.S. at 150–151, 86 S.Ct. at 275. The Court further stated that the effect of its earlier decision in *Russell* was not to expand but to contract jurisdiction of the federal court in Puerto Rico. Id. 382 U.S. at 152, 86 S.Ct. at 275.

The only case to address the issue before the court in reference to a Louisiana partnership is found in *Empire Rice Mill Co. v. K & E Neumond,* 199 F. 800 (E.D.La.1912) wherein the court held:

In principle there would seem to be no difference between a corporation and a partnership, if the latter has the right to sue in the firm name. The Supreme Court, however, has always denied as to a partnership, or joint-stock company, the presumption that its members are citizens of the state of its domicile, and has always required the allegation, or proof, of the diversity of citizenship of its members.

Id. at 802.

This court finds that the holding of *Russell* did not change the law on diversity.

Despite Louisiana's civil heritage, this court finds no reason to treat a Louisiana partnership any different from that of a partnership of any other state for diversity jurisdiction purposes. It is clear that for purposes of federal diversity jurisdiction, the citizenship of a partnership depends on the citizenship of each of its partners. *Village Fair Shopping Ctr.*, 588 F.2d at 433.

In this case, two of the partners of Labarre Plantation Partnership are citizens of the state of Illinois. Amoco, a defendant, has its principal place of business in the state of Illinois. Therefore, complete diversity among the parties does not exist. In absence of complete diversity this court is without subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, this court must remand this proceeding to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Labarre Plantation Partnership, to remand to the Eighteenth Judicial District Court of Louisiana be and it is hereby GRANTED.

Judgment shall be entered accordingly.